**PENNSYLVANIA CHOCOLATE CO. v. LEWELLYN, Former Collector of Internal Revenue.**

District Court, W. D. Pennsylvania. June 20, 1928.

No. 3276.

1. **Internal revenue** ⟨⟩7(19)—Taxpayer, voluntarily changing fiscal year to calendar year, held entitled to apply net loss during intervening period less than year against net income for preceding fiscal year; "taxable year" (Revenue Act 1918, §§ 200, 204 (b), 212 (b); Comp. St. §§ 6336⅛a, 6336⅛cc(b), 6336⅛f(b)).

Where taxpayer voluntarily, but with approval of Commissioner, changed its accounting period from a fiscal to a calendar year basis, as authorized under Revenue Act 1918, § 212 (b), Comp. St. § 6336⅛f(b), without intent to evade a just tax, the intervening period of 11 months for which taxpayer filed return constituted a "taxable year," within sections 200, 204 (b), Comp. St. §§ 6336⅛a, 6336⅛cc(b), and taxpayer was entitled to apply net loss sustained during that period against the net income for the preceding fiscal year, in view of sections 216 (c) (d), 226, Comp. St. §§ 6336⅛h(c) (d), 6336⅛m, and Revenue Act 1924, 1926, § 200 (26 USCA § 931).

2. **Statutes** ⟨⟩245—Any doubt as to meaning of taxing statute should be construed in taxpayer's favor.

Any doubt as to meaning of taxing statute should be construed in favor of taxpayer.

At Law. Action by the Pennsylvania Chocolate Company against C. G. Lewellyn, formerly Collector of Internal Revenue for the Twenty-Third District of Pennsylvania. Judgment for plaintiff.

Smith, Shaw & McClay, of Pittsburgh, Pa., for plaintiff.

John D. Meyer, U. S. Atty., of Pittsburgh, Pa., and John A. McCann, Sp. Atty., C. M. Charest, Gen. Counsel, and E. E. Angevine, Atty., Bureau of Internal Revenue, all of Washington, D. C., for defendant.

THOMSON, District Judge. This action is brought to recover the sum of $71,916.75, with interest, being income and excess profits taxes under protest by the plaintiff for the fiscal year ending January 31, 1919. A claim for refund having been refused, this action was brought to recover the amount so paid.

The issue arises on an affidavit of defense raising questions of law, the facts of the case being in no way disputed. The plaintiff, a Pennsylvania corporation, prior to the law in question, had uniformly filed its income and excess profits tax returns on the fiscal year basis, ending January 31; the last return being filed on that basis being on or about March 15, 1919, for the fiscal year ending January 31, 1919. That return showed a net income of $167,884.17, and an income and excess profits tax of $75,132.06, which taxes were paid to the defendant on or about March 15, 1919. On June 30, 1919, the plaintiff requested permission of the Commissioner of Internal Revenue to change its taxable period from a fiscal to a calendar year basis, and in October, 1919, the Commissioner granted plaintiff's request.

Pursuant to the permission so granted, plaintiff filed its income and excess profits tax return on or about March 15, 1920, for the period beginning February 1, 1919, and ending December 31, 1919, which return showed a net loss of $172,090.24, and no tax due. At that time plaintiff had no knowledge of the provisions of section 204 (b) of the Revenue Act of 1918 (Comp. St. § 6336⅛cc (b), but in October, 1920, the plaintiff became informed of the provisions of said act, and on December 31, 1920, did file an amended income and excess profits tax return for the fiscal year beginning February 1, 1918, and ending January 31, 1919, in which return plaintiff deducted from its net income for said fiscal year its said net loss of $172,090.24, sustained during the period from February 1, 1919, to December 31, 1919.

On December 3, 1920, plaintiff filed its claim for refund of the sum of $78,705.58, being the corrected amount of income and excess profits taxes paid by the plaintiff for the fiscal year ending January 31, 1919. In the claim for refund, plaintiff stated that it was entitled to deduct the said loss of $172,090.24, sustained during the period from February 1, 1919, to December 31, 1919, from its net income for the fiscal year ending January 31, 1919, the result of which would be that no tax whatever would be due for the fiscal year ending on the latter date.

The Commissioner allowed said claim for refund in the sum of $3,215.31 on a readjustment of several small items of plaintiff's net income and invested capital, but denied plaintiff the right to set off the loss sustained in 1919 against the net income for the fiscal year ending January 31, 1919.

The following questions of law were raised by the defendant in his affidavit of defense:

"(1) Plaintiff's income and profits tax return for the period beginning February 1, 1919, and ending December 31, 1919, showing a net loss of $172,090.24, did not constitute a return for a taxable year, as defined in section 200 of the Revenue Act of 1918.

"(2) That in determining the correct in-

come and profits tax liability for the fiscal year beginning February 1, 1918, and ending January 31, 1919, section 204 (b) of the Revenue Act of 1918 authorizes no deduction from the net income of the plaintiff for said period of a net loss for the 11-months period commencing February 1, 1919, as averred in plaintiff's statement of claim."

[1] A single question of law is thus raised, involving the proper interpretation of the relevant sections of the act of Congress. The question is: Is a return for the period of 11 months on a voluntary change from a fiscal to a calendar year basis, which was approved by the Commissioner, a return for a taxable year, within the meaning of section 204 (b) of the Revenue Act of 1918. Section 204 (b) of the Revenue Act of 1918, is as follows:

"(b) If for any taxable year beginning after October 31, 1918, and ending prior to January 1, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount of such net loss shall under regulations prescribed by the Commissioner with the approval of the Secretary be deducted from the net income of the taxpayer for the preceding taxable year; and the taxes imposed by this title and by title III for such preceding taxable year shall be redetermined accordingly. Any amount found to be due to the taxpayer upon the basis of such redetermination shall be credited or refunded to the taxpayer in accordance with the provisions of section 252. If such net loss is in excess of the net income for such preceding taxable year, the amount of such excess shall under regulations prescribed by the Commissioner with the approval of the Secretary be allowed as a deduction in computing the net income for the succeeding taxable year."

Under section 200 of that act (Comp. St. § 6336⅛a) the term "taxable year" is defined as the calendar year, or the fiscal year ending during such calendar year, upon the basis of wihch the net income is computed. The term "fiscal year" means an accounting period of 12 months, ending on the last day of any month other than December. The first taxable year, to be called the taxable year 1918, shall be the calendar year 1918, or any fiscal year ending during the calendar year 1918.

It is provided in section 212 (b) that, "if a taxpayer changes his accounting period from fiscal year to calendar year, from calendar year to fiscal year, or from one fiscal year to another, the net income shall, with the approval of the Commissioner, be computed on the basis of such new accounting period subject to the provisions of section 226." Comp. St. § 6336⅛f (b).

Section 226 (Comp. St. § 6336⅛m) provides for a separate return, where the basis of computing net income has been changed from a fiscal to a calendar year, from a calendar to a fiscal year, and from one fiscal year to another, the net income in each case being computed on the basis of such period for which the separate return is made, the tax being paid thereon at the rate for the calendar year in which such period is included; the credits provided in subdivision (c) and (d) of section 216 (Comp. St. § 6336⅛h (c) (d) being reduced, respectively, to amounts which bear the same ratio to the full credits provided in such subdivision as the number of months in such period bears to 12 months.

It is the contention of the defendant that, inasmuch as the loss sustained by the plaintiff occurred in a period of only 11 months, the return for that period does not constitute a "taxable year" within the meaning of the act, and hence that the loss cannot be allowed against the income for the preceding taxable year.

It is the position of the plaintiff that the term "taxable year" is not restricted to a period of 12 months; that, inasmuch as the act authorizes a taxpayer to change from a fiscal to a calendar year basis with the approval of the Commissioner, the intervening period, which would be less than a 12-month period, would constitute a "taxable year;" that Congress, by inserting section 226 in the act, gave the taxpayer the right to bring itself within the provisions of section 204 (b); and that there is no intent upon the part of this taxpayer to evade a just tax. The fact being admitted that the plaintiff was not cognizant of the provisions of section 204 (b), when it requested permission to make the change from a fiscal to a calendar year, there was no intent to evade a just tax.

The Board of Tax Appeals has, on numerous appeals, held that the term "taxable year," as used in section 204 (b), includes a period of less than 12 months, where there was a net loss during the first period, which was less than 12 months, after incorporation of the company, for which an income and excess profits tax return was filed. See Appeal of Carroll Chain Co., 1 B. T. A. 38; Appeal of Lynch Construction Co., 3 B. T. A. 313; Durabilt Steel Locker Co. v. Commissioner of Internal Revenue, 5 B. T. A. 239, and other cases. That board has also held, where a net

loss was sustained during a full 12-month period, the loss be applied against the preceding period of less than 12 months, when that period was the first for which a return was filed after incorporation.

The Board of Tax Appeals has also held that the term "taxable year" includes a period of less than 12 months, where a corporation dissolves within the year, and files a return for the number of months in its taxable year prior to dissolution. Bruner Woolen Co. v. Commissioner of Internal Revenue, 6 B. T. A. 881; Appeal of Purity Oats Co., 4 B. T. A. 585.

Notwithstanding these several rulings, and the principles apparently involved therein as to the true meaning of the term "taxable year," the Board of Tax Appeals has held that such term did not include a period of less than 12 months, if the taxpayer voluntarily changes its accounting period, even though approved by the Commissioner. Appeal of Tacoma Grocery Co., 1 B. T. A. 1062; Leland Stave Co. v. Commissioner, 6 B. T. A. 882, and other cases.

The board seeks to draw a distinction between a taxpayer who comes into, or goes out of, existence during a taxable year, and one who voluntarily changes his accounting period, thereby being required to make a return for a part of a year which does not include all of the income received during the preceding 12 months. The opinion seems to be chiefly based on the case of Bankers' Trust Co. v. Bowers (C. C. A.) 295 F. 89, 31 A. L. R. 922. I find myself unable to agree with this reasoning or conclusion. The distinction is by no means clear between a case where the taxpayer is not in existence for the full fiscal or calendar year and a case where, by a voluntary change of the accounting period, the return is made for only a fractional part of the full year of its existence.

It would appear that, in those cases where a taxpayer adopts a fiscal year after incorporation, he files a return for a period of less than 12 months, the act of the taxpayer is no less voluntary than a case where it elected to change its accounting period from a fiscal to a calendar year. There was no restriction on the act of the taxpayer. It did not even need the approval of the Commissioner. It could voluntarily elect for what period it would file its return. If it elected to file a return for a period of less than 12 months, it was a return for the taxable year within the meaning of section 204 (b). Its act was voluntary, and in each case the taxpayer had

no other method of filing a return for a taxable period. In each case, of necessity, it must file a return for a period of less than 12 months, while in the case at bar the approval of the Commissioner is necessary.

It would appear that, in those cases where the taxpayer adopts a fiscal year after incorporation, and files a return for a period of less than 12 months, the act of the taxpayer is as truly voluntary as where it elects to change its accounting period from a fiscal to a calendar year. Having due regard to the various statutes in which the term is used by Congress, I think the words "taxable year," when fairly interpreted, mean taxable period, whether for 12 months or less. Any doubt or ambiguity regarding the meaning of "taxable year" has been removed in section 200 of the Revenue Acts of 1924 and 1926 (26 USCA § 931). By an express provision these acts contain net loss or relief provisions somewhat similar to those contained in section 204 (b) of the act of 1918.

[2] The return of this taxpayer for the period from February 1, 1919, to December 31, 1919, was required both by act and regulations. It would appear reasonably clear that that became the time unit for the periods of the tax, and thus the taxable year. If there is doubt on the subject, it should be construed in favor of the taxpayer. The acts of 1924 and 1926 do not explain or restrict the application of the acts of 1918 and 1921, but seem rather to explain a provision in the former, the construction of which was doubtful.

It is my conclusion, therefore, that the term "taxable year" includes a period of less than 12 months when a taxpayer voluntarily, but subject to, and with the approval of, the Commissioner, changes its accounting period from a fiscal to a calendar year basis, and that the taxpayer is, therefore, entitled to apply the net loss sustained during that period against the net income for the fiscal year ending January 31, 1919. The case of United States v. Carroll Chain Co., 8 F. (2d) 529, in the District Court for the Southern District of Ohio, is in harmony with the conclusion herein reached.

As the facts are not in dispute, and the questions of law are held in favor of the plaintiff, the plaintiff is entitled to judgment for the amount set forth in the statement of claim, together with interest and costs. An order to that effect will be signed, when presented.