**CHESS & WYMOND CO. v. LUCAS, Collector of Internal Revenue.**

District Court, W. D. Kentucky, at Louisville. January 25, 1929.

No. 1019.

Carroll & McElwain, of Louisville, Ky., for plaintiff.

T. J. Sparks, U. S. Atty., of Greenville, Ky., Claude Hudgins, Asst. U. S. Atty., of Louisville, Ky., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Henry A. Cox, Sp. Atty. Bureau of Internal Revenue, both of Washington, D. C., for defendant.

DAWSON, District Judge. This is a suit by the plaintiff, a Kentucky corporation, to recover of the defendant, as collector of internal revenue for the collection district of Kentucky, income and profit taxes alleged to have been wrongfully exacted of the plaintiff for the fiscal year ended November 30, 1922. The cause is submitted on the demurrer of the defendant to the plaintiff's petition.

From the petition it appears that prior to the calendar year 1921, the plaintiff had made its income tax returns on the calendar year basis. Plaintiff was affiliated with two other corporations, each of which kept its books on the basis of a fiscal year ending November 30th each year, and during the calendar year 1921 the plaintiff, by appropriate proceedings, and with the approval of the Commissioner, changed from a calendar year basis to the basis of a fiscal year ending November 30th. This change was made solely as a matter of convenience to the plaintiff in making the consolidated return of the three corporations.

The plaintiff made its regular return for the calendar year 1920, as provided by law, and after November 30, 1921, and within the time provided by law, it filed a consolidated income tax return for itself and its two affiliated companies, covering plaintiff's period of operation from January 1, 1921, to November 30, 1921, and the entire fiscal year of twelve months of its two affiliated companies ended November 30, 1921. This consolidated return showed a net loss of $53,-942.22, and, of course, no tax was paid for the period covered by the return. In its consolidated tax return filed for the fiscal year ended November 30, 1922, the plaintiff claimed as an authorized deduction, under section 204 of the Revenue Act of 1921 (42 Stat. 231), the loss of $53,942.22, shown to have been sustained for the eleven months' period ended November 30, 1921. After making such deduction, its 1922 report showed a tax liability of $8,958, which was paid. The Commissioner, on examination of the books of the taxpayer, disallowed the deduction of $53,942.22, claiming that it was not authorized by section 204 of the Act of 1921, and, on a redetermination of the tax, assessed against the taxpayer an additional tax of $5,595.08 and $1,331.59 interest, which was paid under protest. A re-examination of the plaintiff's books by a revenue agent disclosed that the net loss sustained for the eleven months' period ended November 30, 1921, was $60,107.10, instead of $53,942.22. Accepting this as the net loss for that period, and deducting it from the income for the fiscal year ended November 30, 1922, made the tax for that fiscal year $7,162.98, instead of $8,958.00, originally paid by the taxpayer. The taxpayer claims, therefore, that on its original return it overpaid the tax due, to the extent of $1,795.02, and in regular course a demand was made for a refund of the $5,995.08 additional tax imposed, the $1,331.59 interest thereon, and the alleged overpayment of $1,795.02, all of which was denied by the Commissioner.

The refund was denied by the Commissioner upon the sole ground that the de-

duction of the loss sustained for the eleven months' period ended November 30, 1921, from the income for the fiscal year ended November 30, 1922, is not authorized by section 204 of the Act of 1921, under which the deduction is claimed, and that is the position of the defendant in this case. Therefore, the sole question presented by the demurrer is whether the deduction claimed is authorized by the Revenue Act of 1921. Of course, plaintiff's right to the deduction depends upon whether there is statutory warrant therefor.

Section 204(b) of the Revenue Act of 1921 (42 Stat. 231) provides: "If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year; the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary."

Section 200 of the Act of 1921 in part provides: "That when used in this title— (1) The term 'taxable year' means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under section 212 or section 232. The term 'fiscal year' means an accounting period of twelve months ending on the last day of any month other than December. The first taxable year, to be called the taxable year 1921, shall be the calendar year 1921 or any fiscal year ending during the calendar year 1921."

The defendant's entire contention is based on the theory that the term "taxable year," as used in section 204, has been placed in a strait-jacket by the definition of that term found in section 200 of the act, and that no deduction of loss is authorized under section 204, unless such loss represents the operations of the taxpayer for a full taxable year of twelve months, as defined in section 200.

It seems to me, when the applicable provisions of the law are given a common-sense and practical construction and applied to the facts as disclosed by the petition, the difficulties of this case disappear.

According to the allegations of the petition, the plaintiff, in the calendar year 1921, with the approval of the Commissioner, changed from a calendar year basis of keeping its records and making its tax returns to a fiscal year basis, the end of its fiscal year being fixed at November 30th. The petition is silent as to what time in 1921 the change was made, but, in view of the regulations then in effect providing that no fiscal year would be recognized unless before its close it was definitely established as an accounting period by the taxpayer and the books of such taxpayer kept in accordance therewith, it is reasonably apparent that the change was effected before the enactment of the act of 1921. This, however, is a matter of no importance, as section 212 of the Act of 1918 (40 Stat. 1064, 1065) and the same section of the Act of 1921 (42 Stat. 237) authorize such a change, with the approval of the Commissioner; the applicable part of that section in each of the acts being as follows: "If a taxpayer changes his accounting period from fiscal year to calendar year, from calendar year to fiscal year, or from one fiscal year to another, the net income shall, with the approval of the Commissioner, be computed on the basis of such new accounting period, subject to the provisions of Section 226."

Section 226(a) of the Act of 1921 (42 Stat. 251) is as follows: "That if a taxpayer, with the approval of the Commissioner, changes the basis of computing net income from fiscal year to calendar year a separate return shall be made for the period between the close of the last fiscal year for which return was made and the following December 31. If the change is from calendar year to fiscal year, a separate return shall be made for the period between the close of the last calendar year for which return was made and the date designated as the close of the fiscal year. If the change is from one fiscal year to another fiscal year a separate return shall be made for the period between the close of the former fiscal year and the date designated as the close of the new fiscal year."

When a taxpayer, under the provisions of section 212, with the approval of the Commissioner, changes his taxable year from calendar year to fiscal year, it seems quite clear to me that the first fiscal year under such change would be the one which ends in the calendar year in which the change is effected. In this case when the taxpayer, in 1921, with the approval of the Commissioner, changed from the calendar year to a fiscal year ending November 30th, the first fiscal year under that change extended from December 1, 1920, to November 30, 1921. Such a construction does no violence to the lan-

guage of the section, and is in harmony with the intention of the act, as expressed in section 200, that all taxable years shall be for a period of twelve months.

Of course, Congress recognized that when such a change in the taxable year was made by the taxpayer, a portion of the twelve months covered by the first fiscal year would be embraced in the previous calendar year under which the taxpayer had theretofore been operating, and for which a report would have been made prior to the due date of the first report under the new plan. To avoid duplication, section 226 provides that the first report under the new plan of reporting shall cover only the operations of the taxpayer for that portion of the new fiscal year extending from the close of the last calendar year to the end of the new fiscal year.

In the case under consideration, the first report would involve the operations of the company from January 1, 1921, to November 30, 1921, a period of eleven months. It would nevertheless be a report for the fiscal year beginning on December 1st of the year previous, operations for the month of December being left out of the report, however, purely as a practical solution of the situation brought about because the operations for that month had been embraced in the previous calendar year's report. In other words, it seems to me that under a practical construction of sections 212 and 226, a taxpayer who, with the approval of the Commissioner, changes from a calendar year to a fiscal year, is in exactly the same position as a new corporation operating on a fiscal year basis is in at the end of its designated first fiscal year. Thus, if a corporation organizes and starts business on July 1st of any year and elects to operate on a fiscal year basis, with its fiscal year ending on November 30th, its taxable year extends from the first day of the previous December to November 30th following the beginning of business, although during seven months of that time it was not in existence at all. In such a case, while the report would, in point of time, cover a taxable year of twelve months, in point of actual operations it would cover only five months. Thus, in practical operation, the first seven months are eliminated, just as in the case of a change from a calendar year to a fiscal year the operations of the taxpayer

in the overlapping period of the old calendar year and new fiscal year is eliminated by express provision of the statute.

Subdivision (c) of section 226 strengthens me in my view of the proper construction of sections 212 and 226. That subdivision provides: "(c) In the case of a return for a period of less than one year, the net income shall be placed on an annual basis by multiplying the amount thereof by twelve and dividing by the number of months included in such period; and the tax shall be such part of a tax computed on such annual basis as the number of months in such period is of twelve months."

Thus, we see Congress carefully providing for the computation of the tax on the first report on an annual basis, and as if the operations had extended over a twelve months' period.

Subdivision (d) of section 204 of the Act of 1921 reads as follows: "(d) If it appears, upon the production of evidence satisfactory to the Commissioner, that a taxpayer having a fiscal year beginning in 1920 and ending in 1921 has sustained a net loss during such fiscal year, such taxpayer shall be entitled to the benefits of this section in respect to the same proportion of such net loss which the portion of such fiscal year falling within the calendar year 1921 is of the entire fiscal year."

Now, if I am correct in my construction of sections 212 and 226, then the taxpayer had a fiscal year beginning in 1920 and ending in 1921. It had that fiscal year with the approval of the Commissioner, under a statute authorizing the establishment of such fiscal year. Section 204(d) makes no distinction between fiscal years that were established as the result of a change from calendar year to fiscal year, and fiscal years which had been in use by the taxpayer from the beginning. Bearing in mind the rule that general taxing statutes should be construed in favor of the taxpayer, in case of doubt, I am constrained to hold that section 204(d) applies to plaintiff's case, and that eleven-twelfths of the loss sustained by it between January 1, 1921, and November 20, 1921, was a proper deduction from its income for the fiscal year ended November 30, 1922.

Therefore the demurrer will be overruled, with leave to the defendant, within 30 days, to plead further, if he so desires.