## HOFFMAN et al. v. UNITED STATES.
### No. 7820.

District Court, W. D. Missouri, W. D.
Aug. 28, 1931.

Howard L. Jamison, H. R. McMorris, and Harry A. Gilford, all of Kansas City, Mo., for the plaintiffs.

Chet A. Keyes, Asst. U. S. Atty., of Kansas City, Mo. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Henry L. Young, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., and Wm. L. Vandeventer, U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

OTIS, District Judge.

Plaintiffs, as trustees for the Kansas Flour Mills Company, which was dissolved February 15, 1928, bring this action to recover an alleged excess tax payment made by that company for the fiscal year commencing June 1, 1922, and ending May 31, 1923. The facts are stipulated. That stipulation is by reference incorporated herein.

It appears from the stipulation of facts that on July 4, 1922, the flour mills company affiliated with itself the Cereals Company, incorporated on that date, all of the stock of which (except qualifying shares) the Flour Mills Company acquired. The Cereals Company was organized for the sole purpose of building an elevator for the Flour Mills Company.

On August 3, 1923, the Flour Mills Company filed a consolidated income tax return for itself and its subsidiary, the Cereals Com-

pany, reporting a consolidated income of $211,138.96, on which it paid a tax of $21,627.73.

On May 31, 1922, the Flour Mills Company had an unabsorbed balance of a net loss remaining for the year ending May 31, 1922, amounting to $105,284.32.

If there had been no affiliation with the Cereals Company on July 14, 1922, the Flour Mills Company, it is conceded, would have been entitled to deduct this amount from its income for the year ending May 31, 1923, in arriving at the proper basis for the calculation of its tax for that year.

The applicable statute is section 204 (b) of the Revenue Act of 1921 (42 Stat. 231) which is: "(b) If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year; the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary."

The defendant's contention is that the phrase in the statute "the next succeeding taxable year" under the facts in this case means, not a full year of twelve months, but only that period from May 31, 1922, to July 14, 1922, that is the period before the affiliation, for which a separate return, says the defendant, should have been filed. In other words, the defendant contends that the affiliation of the Cereals Company on July 14, 1922, resulted in the ending for the Flour Mills Company of one "taxable year" and in the beginning for it of another "taxable year."

This contention seems to me untenable. The word "year" means a period of twelve months. The adjective "taxable" does not change or suggest a different length of time, but only indicates the distinction between a calendar year, from January 1 to December 31, and a "taxable" year, which means a "fiscal" year.

It is the intention of section 204 (b) that a taxpayer shall have the privilege of deducting from its taxable income in one year a loss sustained by it in the year (or the second year) preceding. It is not conceivable that it should lose that intended benefit because it affiliates during the taxable year a subsidiary corporation. Nothing in the statutes requiring and governing consolidated returns points to any such illogical consequence.

The case of Sweets Company, etc., v. Commissioner, etc. (2 C. C. A.) 40 F.(2d) 436, 438, is in point. It had been held by the Board of Tax Appeals that, when there has been an affiliation of corporations, the affiliated group is the taxpayer, and that each change in the membership of an affiliated group creates a new taxpayer, resulting in a new taxable period or "year." That is the defendant's contention here. As to that contention the court said: " * * * With such construction of section 240 we do not agree. It was rejected by the Court of Claims in a very recent opinion, Swift & Co. v. United States, reported in 38 F.(2d) 365, for reasons so fully explained that we need not here repeat them. It will suffice to say that we concur with the Court of Claims in the view that the several members of the affiliated group remain the taxpayers and that the statutory provisions for a consolidated return declare merely a method of computing the taxes of the corporate members of the group. A change in the group does not create a new taxpayer nor change the 'taxable year' of those members whose affiliation continues. * * * *"

The "taxable year" of the Flour Mills Company was not changed by the affiliation with the Cereals Company. It expired, not on July 14, 1922, the date of affiliation, but on May 31, 1923. It was entitled to deduct from its taxable income for that year the theretofore unabsorbed balance of its loss in the amount above stated.

I find the facts to be as stipulated by the parties and conclude as a matter of law that the plaintiff is entitled to recover from the defendant the entire amount prayed. A form of decree may be submitted for approval and entry.