## CORRUGATED BAR CO., Inc., v. GAGE, Collector of Internal Revenue.

District Court, W. D. New York.

Dec. 3, 1931.

Oppenheimer, Dickson, Hodgson, Brown & Donnelly, of St. Paul, Minn., and Kenefick, Cooke, Mitchell, Bass & Letchworth, of Buffalo, N. Y., for plaintiff.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and John H. Pigg, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant.

KNIGHT, District Judge.

This action is brought to recover $9,932.71, with interest, on account of a tax alleged to have been illegally collected with respect to a certain period in the year 1923. On stipulation of the parties, the case has been tried by the court without a jury.

The plaintiff is a New York corporation. In February, 1923, it formed a subsidiary corporation, known as the Corr-Service Erection Company, to do certain erection operations in connection with the Corrugated Bar Company. The plaintiff acquired all the capital stock of the Corr-Service Erection Company as of the date of its organization, February 19, 1923. It is conceded that the plaintiff and the Corr-Service Company were affiliated corporations within the provisions of subdivision (c) of section 240 of the Revenue Act of 1921 (42 Stat. 227, 260). The specific provisions of such subdivision are: "(c) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests."

Plaintiff's tax return for the year 1921 disclosed a net loss of $483,918.16. Its return for the year 1922 disclosed a net income of $14,833.91. The net loss in 1921, in excess of the net income in 1922, therefore, was $469,084.25.

The net earnings of the Corrugated Bar Company for calendar year of 1923 were $83,558.36. From February 19, 1923, the date of its incorporation, to December 31, 1923, the Corr-Service Erection Company showed a statutory net loss of $10,093.93. The plaintiff, in a consolidated return, reported a net income of $73,464.43, such being the net income of the plaintiff, less the net loss of the Corr-Service Erection Company.

Subdivision (b) of section 204 of the Revenue Act of 1921, 42 Stat. 227, 231, provides: "(b) If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year; the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary."

The determination of the issue here depends upon the construction and effect to be placed upon the words "succeeding taxable year," as applied to 1923. It is conceded that plaintiff had the right for tax purposes to apply its net loss in 1921 in reduction of its net income in 1922.

The Commissioner of Internal Revenue ruled that plaintiff should have filed a separate return of its income for the one-month period, from January 1, 1923, to January 31, 1923, and that the consolidated return of the two corporations should have been filed for the remaining eleven months of the year. He held, and the government here contends, that the "next succeeding taxable year" after 1922, within the meaning of section 204, supra, ended with the date of the affiliation of the two corporations. The unabsorbed net loss of 1921 was allowed in reduction (here obliteration) of a net income in the amount of $6,122.04, which is one-twelfth of the reported net income of the two companies for 1923. While the affiliation was made in February, for practical and tax-computing purposes, the computation was made as for one month. No question arises over this difference.

It does not seem to me that the position of the government can be sustained either upon the express language or implied meaning of the sections of the Revenue Act which have any bearing on the question involved. Section 200 (1) defines "taxable year" as a calendar year or fiscal year, as one or the other may be used in computing net income. The plaintiff in 1923 and theretofore computed its tax on the calendar year basis. Section 204 (b), as stated, contains the provisions which allow of deductions to the "taxpayer" of net losses from net income during certain successive years. Section 240 (a) permits affiliated companies to make separate returns and consolidated returns under certain regulations. While it also provided that, in the latter case, "taxes * * * shall be computed and determined upon the basis of such return," the reasonable construction of that clause is that it was intended to be

applied to the *method of computing the tax* as between the affiliated corporations. This purpose has been clearly pointed out in numerous decisions. By "affiliation," none of the affiliates loses its individual identity as a separate entity or as a "taxpayer." If it had been the intention of Congress to take from the "taxpayer" the benefits of 204 (b), supra, in the event of his affiliating with another corporation in any one of the "succeeding taxable" years, such intention would have been expressed in much different form from what we find.

Stress is laid by defendant on certain cases in which there were mergers. It seems to me that such are not decisive here, and, furthermore, they emphasize the distinction between merger and affiliation. In case of merger, the separate identity of those merging is lost. In case of affiliation it is quite the contrary.

In support of my view, reference could be made to a long line of decisions of the Board of Tax Appeals and the federal courts. I shall attempt to cite and refer to opinions in a few.

In Sweets Co. of America, Inc., v. Commissioner (C. C. A.) 40 F.(2d) 436, 438, which involved the question of the computation of consolidated returns of affiliated companies prior to merger and the return after merger, the court used this language, most pertinent here: "In requiring three returns * * *, the Board of Tax Appeals held, in effect, that an affiliated group is the taxpayer, that each change * * * creates a new taxpayer, resulting in a *new taxable period or 'year.'* * * * With *such construction of section 240 we do not agree.* * * * It will suffice to say that we concur with the Court of Claims [in Swift & Co. v. U. S., 38 F.(2d) 365] in the view that the several members of the affiliated group remain the taxpayers and that the statutory provisions for a consolidated return declare *merely a method of computing* the taxes of the corporate members of the group. A change in the group does not create a new taxpayer nor *change* the '*taxable year*' of those members whose affiliation continues." (My italics.)

While the Sweets Co. Case differs somewhat in the situation presented from the one at bar, the above-quoted language and other language in the opinion are directly corroborative of the conclusions expressed herein.

In Swift & Co. v. U. S., 38 F.(2d) 365, 374, we have a very exhaustive opinion of the Court of Claims on the effect and meaning of the various sections of the Revenue Act to which I have referred. There were a parent company (the plaintiff) and numerous affiliated companies. In 1919, one affiliate withdrew and a new affiliate member was added. In 1918 and 1919, returns were made by plaintiff for itself and affiliated companies. For the calendar year 1919, the consolidated group had a large net loss. In 1918, it had a net profit of a larger amount. The plaintiff sought to have the net loss deducted from the net profit of the preceding year. The Commissioner refused to make the deduction. The Court of Claims allowed the deduction of the net loss of the parent company from that company's net profit in the preceding year. That is exactly the principle for which plaintiff in this case contends. The opinion expresses disagreement with the decision of the Board of Tax Appeals in the Sweets Case, and it is in accord with the decision of the Circuit Court of Appeals in that case. Say the Court of Claims in part:

"We do not think any changes which were necessitated in the computation of the tax required the making of separate group returns, and prevented this affiliated *group from receiving the benefits of 204 (b).* * * * [My italics.]

"In this connection it ought to be stated that we think a proper construction of section 240 * * *, with reference to consolidated returns. * * * The consolidated group, as such, is not a taxpayer but a tax-computing unit, and the corporations which * * * became members during the year, lose their separate identity while so affiliated only for the purpose of the computation of the tax upon one income and one invested capital * * * but, when it comes to the assessment * * * of the tax so computed, it is assessed against and collected * * *, in proportion to the net income properly assignable to each."

In National Slag Co. v. Commissioner (C. C. A.) 47 F.(2d) 846, it was held that, where corporations became affiliated in 1924, they may add loss of member sustained in 1922 and 1923 to loss of such member sustained in 1924 in determining loss of such member to be deducted from gross income of group for 1924.

In Alabama By-Products Corp. v. Commissioner, 16 B. T. A. 1073, we find the issues similar to those in the instant case. There two subsidiary corporations, which became affiliates of the Alabama By-Products Company in 1920, were each of them allowed the benefits provided under section 204 (b). In that case the Alabama By-Products Cor-

poration filed a consolidated return for the year 1920 for itself and its affiliates.

The question presented here has been passed upon in the recent case of Hoffman v. U. S. (D. C.) 52 F.(2d) 269, 270. There, as here, the government contended that the phrase in the statute, "the next succeeding taxable year," meant not a full year of twelve months, but only that period from May 31, 1922, to July 14, 1922, the period of the affiliation for which a separate return should have been filed. In other words, its contention was that the affiliation of the Cereals Company during the year resulted in the ending for the Kansas Company of one taxable year and in the beginning of another taxable year for that company. In the opinion it is said: "It is the intention of section 204 (b) that a taxpayer shall have the privilege of deducting from its taxable income in one year a loss sustained by it in the year (or the second year) preceding. It is not conceivable that it should lose that intended benefit because it affiliates during the taxable year a subsidiary corporation. Nothing in the statutes requiring and governing consolidated returns points to any such illogical consequence."

In the numerous cases cited by the government, I find no conflict with the decisions to which I have referred. I may specifically call attention to some of these.

Lucas v. St. Louis National Baseball Club (C. C. A.) 42 F.(2d) 984, dealt with the question of the computation of the tax and *not* the computation of net income.

Fidelity National Bank & Trust Co. v. Commissioner (C. C. A.) 39 F.(2d) 58, involved the question of consolidated return and *not* the computation of net income.

In Pennsylvania Chocolate Co. v. Lewellyn (D. C.) 27 F.(2d) 762, 764, it was held "that the term 'taxable year' includes a period of less than 12 months when a taxpayer voluntarily, but subject to, and with the approval of, the Commissioner, changes its accounting period from a fiscal to a calendar year basis." This determination is not an authority for defendant's claim here. Chess & Wymond Co. v. Lucas (D. C.) 33 F.(2d) 793, is to the same effect.

U. S. v. Carroll Chain Co. (D. C.) 8 F.(2d) 529, is in accord with Pennsylvania Chocolate Co. v. Lewellyn, supra, on similar facts. In both of these cases, the opinions state that taxation statutes are to be *construed strongly* in favor of the taxpayer and against the government.

In De Haven Mfg. Co. v. U. S. (D. C.) 31 F.(2d) 999, 1003, in construing section 204 (b) of the Revenue Act of 1918 (40 Stat. 1061), it was held that the statute runs "only to taxpayers whose taxable year falls wholly within the 14 months period of the section." That decision has no bearing here, and, further, it may be added that the District Judge distinguishes that case from those heretofore cited by me as submitted by the defendant in support of its position.

I find and decide that the plaintiff is entitled to apply its remaining unused, unapplied losses of 1921, namely $469,084.25, against its otherwise taxable income of 1923, and accordingly is entitled to recover from the defendant the sum of $9,932.71, with interest from the date of the payment of such amount to defendant on account of the income tax assessment against plaintiff.