## AMERICAN PAPER EXPORTS, Inc., et al. v. BOWERS.

### No. 87.

Circuit Court of Appeals, Second Circuit.

Dec. 14, 1931.

Donald Horne and Victor E. Cappa, both of New York City, for appellants.

George Z. Medalie, U. S. Atty., of New York City (Leon E. Spencer, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

L. HAND, Circuit Judge.

This action was brought to recover taxes wrongfully exacted by the defendant, a collector of internal revenue. The substance of the complaint is as follows: The second of the two plaintiffs named in the title, the United States Paper Company, was a corporation in existence throughout the year 1918, and was engaged actively in business for the first six months. On April 10, 1918, the first named of the plaintiffs, the American Paper Exports, Inc., was organized to take over the second, and acquired all its assets and assumed all its liabilities on June 29, 1918. On that day it also acquired all the second's outstanding shares, giving its own shares in exchange. For the rest of the year it operated the business of the second, and in due season filed a consolidated income and war profits tax return for the year 1918, including their joint income for the second half year, and the separate income of the second plaintiff for the first half. The Commissioner demanded of the second plaintiff a separate return for the first half, and levied a tax accordingly, which the first plaintiff paid under protest, and for which both now sue. The difference between the taxes as returned and as levied, therefore, arises from refusing to allow the separate income of the second plaintiff to go into hotch-pot with the joint income for the second half year.

The question raised is whether there should be one or two returns, in case a "parent" corporation, organized in the course of a year, affiliates with a "subsidiary," already in existence and active from the beginning of the year. A consolidated return is in any case required for so much of the year as the companies were affiliated. Fidelity National Bank v. Com'r, 39 F.(2d) 58 (C. C. A. 8); Lucas v. St. Louis Nat'l Baseball Club, 42 F.(2d) 984 (C. C. A. 8). If both affiliates are in existence and active

before affiliation, obviously more than one return becomes therefore necessary, and so it has been held. Appeal of American La Dentelle, Inc., 1 B. T. A. 575; Appeal of Green River Distilling Co., 16 B. T. A. 396. At least for the period of its separate activity each must file a separate return. Affiliation does not, however, merge the taxpayers, and indeed the section—section 240 (a), 40 Stat. 1081—apparently expects them to file the consolidated return jointly. Hence, if all the affiliates are conceived as joining in the consolidated return, they have each filed two returns for one year, and that is contrary to the general theory of an income tax, which does not allow the splitting of years. The regulations of 1921 and later (Regs. 62, art. 634) required the "parent" to file the return, and by long use and legislative recognition this is probably now law, regardless of the language of section 240 (a). If the "parent" files a return only for the affiliated period, even though the "subsidiaries" may thus escape splitting their returns, the "parent" has done so; it has filed a separate and a consolidated return. If, however, the "parent" be permitted to file a single return, containing not only its own income while separate, but the joint income during the affiliation, no taxpayer, formally at any rate, has filed two returns for the year. If it be argued that, whatever the formal procedure, in substance the affiliates are parties to the consolidated return, and thus have filed two for the year, that objection, if good when the affiliates have had a period of separate existence, is not good here. If the "subsidiary" at bar had filed the return, it would have contained its income for the whole year, and the "parent's" income for the whole year also. Neither taxpayer would have filed a double return, even though both were theoretically parties to the consolidated return, the "parent" through the "subsidiary." Because of the regulations of 1921 (assuming they applied retroactively) the "subsidiary" could not do this, and therefore the "parent" filed the same return. But this was mere matter of form which might be fixed at will; if legal patterns are demanded, we may say that the "parent" might be authorized and compelled to act as agent of the "subsidiary."

The regulation (article 634) certainly countenances, if it does not prescribe, a single return, whenever an affiliate comes in during the year. At least, if it has had no earlier existence we see nothing to invalidate the requirement; we need hold nothing more. In similar situations the rulings have been uniform, so far as there have been any. The Board has so held twice. Appeal of Automatic Fire Alarm Co., 13 B. T. A. 1195; Appeal of Hutt Cattle Company, 17 B. T. A. 818. We decided the same thing in Sweets Co. of America v. Com'r (C. C. A.) 40 F.(2d) 436, where there were two affiliates for the first six months, after which the "parent" was organized and became at once affiliated, and all three remained so for four months more, until the original two companies were "merged" into the "parent." We required a consolidated return for the first period of ten months, during part of which two affiliates were alone, and a separate return for the second period of two months during which the "parent" was alone. It is a little hard to see why, if one return was proper for the first ten months, it was not proper for the whole year; there was no period in which any two affiliates were in existence at the same time but unaffiliated. The business of all was thus strictly a unit throughout the year, though managed by successive companies. Possibly we were influenced by the fact that the "subsidiaries" were merged in the "parent"; because if this resulted in giving the "parent" a new corporate personality, a separate return for the last two months was of course proper. So far as we required the second return, the decision must stand upon that assumption; so far as we required a single return for the first ten months, it is authority for our present action. It has been suggested that it depended upon the fact that the "parent" did no business during the first ten months; this cannot be, because its shares were sold to the public during the affiliation, and, besides, its invested capital would have figured in the tax. The decision did not turn upon any such notion.

Since we hold that only one return was required, it becomes unnecessary to consider the second point, or the relevancy of Bankers' Trust Co. v. Bowers, 295 F. 89, 31 A. L. R. 922 (C. C. A. 2).

Judgment reversed; defendant to plead over.