## UNITED STATES v. HOFFMAN et al.
### No. 9409.

Circuit Court of Appeals, Eighth Circuit.
Sept. 26, 1932.

Henry L. Young, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (William L. Vandeventer, U. S. Atty., and S. M. Carmean, Asst. U. S. Atty., both of Kansas City, Mo., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for the United States.

H. R. McMorris, of Kansas City, Mo. (Howard L. Jamison and Harry A. Gilford, both of Kansas City, Mo., on the brief), for appellees.

Before GARDNER and SANBORN, Circuit Judges, and NORDBYE, District Judge.

SANBORN, Circuit Judge.

The appellees are the trustees of the Kansas City Flour Mills Company, a dissolved corporation, which will be referred to herein as the taxpayer. They brought suit to recover from the United States $10,000 on account of an alleged overpayment by the taxpayer of corporate income taxes for the

fiscal year ended May 31, 1923. The case was tried by the court without a jury, and resulted in a judgment for the appellees. See 52 F.(2d) 269. The government has appealed. Since the facts admitted and stipulated constitute the findings of fact, the effect of the appeal is to challenge their sufficiency to support the judgment.

Briefly, the essential facts are these: The taxpayer filed its returns upon a fiscal year basis. For the year ended May 31, 1921, it reported a net loss of $1,225,457.64. For the year ended May 31, 1922, it deducted from its income, pursuant to section 204 (b) and (d) of the Revenue Act of 1921, 42 Stat. 231, so much of its loss sustained in the preceding fiscal year as to eliminate all tax liability. On July 14, 1922, the Cereals Company was incorporated for the purpose of building an elevator for the sole use, benefit and profit of the taxpayer. Its incorporators were five stockholders of the taxpayer, and, immediately after its incorporation, all of its capital stock was transferred to the taxpayer except five qualifying shares retained by the incorporators. On August 3, 1923, the taxpayer, for the fiscal year ended May 31, 1923, filed a consolidated income tax return for itself and its subsidiary, Cereals Company, upon which a tax of $21,-627.73 was computed and paid. The Commissioner of Internal Revenue, however, accepted the filing of the consolidated return and allowed the computation of the tax on a consolidated basis only for the period July 14, 1922, to May 31, 1923. On August 14, 1924, the taxpayer filed an amended consolidated return for its fiscal year ended May 31, 1923, showing an overpayment in excess of $10,000, due to its failure to deduct in its former return the unabsorbed balance of its net loss remaining from the fiscal year ended May 31, 1921. This unabsorbed net loss was found by the Commissioner to be $105,284.32. The Commissioner determined, however, that the taxpayer might apply this unabsorbed loss only against its net income received during the period June 1, 1922, to July 14, 1922, which was that portion of its fiscal year prior to the affiliation. He determined that the income during that period was $22,759.41, and offset against it so much of the unabsorbed loss as was necessary to eliminate any tax liability for that period. He determined further that the consolidated net income for the balance of the fiscal year, namely, from July 14, 1922, to May 31, 1923, was $169,-660.98; but refused to permit the taxpayer to apply any of its unabsorbed loss in reduction of such income. The result of his determination was to entitle the taxpayer to a refund of $420.10, which it refused to accept. It filed a claim for a greater refund upon the theory that it was entitled to deduct its unabsorbed loss from its net income for the entire fiscal year, and, upon its claim being denied, brought this suit.

The government asserts that it has a right to retain the $10,000 for which this suit is brought, because of the filing of the consolidated return. It says in its brief (page 9): "The Government concedes that had the appellee elected to file a separate return for the period May 31, 1922, to May 31, 1923, rather than the consolidated return for itself and affiliated member it did file, it would have been entitled to offset against its net income for all of said period the unabsorbed balance of its net loss remaining from its fiscal year ended May 31, 1921. However, having elected to file a consolidated return the appellee is bound by all of the consequences resulting therefrom; * * * and accordingly it is only entitled to have said unabsorbed net loss applied to reduce its net income for the period it was required to file a separate return, or May 31, 1922, to August (July) 14, 1922."

The question presented, then, is this: Was a corporation whose taxable year ended May 31, 1923, deprived of its statutory right to deduct from its net income of that year an unabsorbed loss remaining from its taxable year ended May 31, 1921, because it had become, during the later year, the parent of a subsidiary corporation having no previous existence, and, instead of filing a separate return, had filed for that year a consolidated return for itself and its subsidiary?

Section 204 (b) of the Revenue Act of 1921, 42 Stat. 231, authorizes the deduction of a loss unabsorbed by the net income of the succeeding taxable year from that of the next succeeding taxable year.

Section 240 (a), (b), and (c), 42 Stat. 260, provides for the filing of a consolidated return by affiliated corporations under regulations prescribed by the Commissioner with the approval of the Secretary.

Article 634, Regulations 62, Revenue Act of 1921, contains directions for the making of such consolidated returns.

Section 200 of the Revenue Act of 1921, 42 Stat. 227, provides: "That when used in this title—the term 'taxable year' means the

calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under section 212 or section 232. The term 'fiscal year' means an accounting period of twelve months ending on the last day of any month other than December. The first taxable year, to be called the taxable year 1921, shall be the calendar year 1921 or any fiscal year ending during the calendar year 1921."

There is nothing in the statutes referred to which requires that a corporation entitled to the deduction authorized by section 204 (b) shall be deprived of it in case it files a consolidated return, or that its fiscal year shall be deemed to be ended upon its becoming a parent corporation, nor do any of the regulations effective during the period here involved so prescribe.

Speaking of article 634, Regulations 62, the Circuit Court of Appeals of the Second Circuit, in American Paper Exports, Inc., v. Bowers, 54 F.(2d) 508, 509, said: "The regulation (article 634) certainly countenances, if it does not prescribe, a single return, whenever an affiliate comes in during the year. At least, if it has had no earlier existence we see nothing to invalidate the requirement; we need hold nothing more."

We have no doubt of the correctness of the conclusion reached by the court below. The taxpayer had a right to deduct its own unabsorbed loss from its own net income for the taxable year ended May 31, 1923, under section 204 (b) and (d). That is all it sought to do. It did not, by creating a subsidiary and subsequently making a consolidated return, end its taxable year as of the date of affiliation nor divide itself into two separate taxable entities. These propositions we think are abundantly sustained by the following cases: Swift & Co. v. United States, 38 F. (2d) 365 (Ct. Cl.); Sweets Company of America, Inc., v. Commissioner, 40 F.(2d) 436 (C. C. A. 2d); American Paper Exports, Inc., v. Bowers, 54 F.(2d) 508 (C. C. A. 2d); American-Hawaiian Steamship Co. v. United States, 46 F.(2d) 592 (Ct. Cl.); National Slag Co. v. Commissioner, 47 F.(2d) 846 (C. C. A. 3d); Corrugated Bar Co., Inc., v. Gage, 58 F.(2d) 360 (D. C. W. D. N. Y.). See, also, the following decisions of the Board of Tax Appeals: Hutt Contracting Co. v. Commissioner, 17 B. T. A. 818; Automatic Fire Alarm Co. v. Commissioner, 13 B. T. A. 1195; Margay Oil Corporation v. Commissioner, 26 B. T. A. 199; Joseph & Feiss Co. v. Commissioner, Docket 46465, August 17, 1932.

The judgment is affirmed.