**Olivia SIMMONS, Plaintiff,**

v.

**The FIRESTONE TIRE & RUBBER COMPANY, Defendant.**

**No. 87–2351–TUB.**

United States District Court,
W.D. Tennessee, W.D.

Aug. 17, 1990.

Larry Fitzgerald, Memphis, Tenn., for plaintiff.

Joseph K. Willcox, Glankler, Brown, Gilliland, Memphis, Tenn., Harley M. Kastner, Keith L. Pryatel, Millisor & Nobil, Akron, Ohio, for defendant.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TURNER, District Judge.

This is an action brought in the General Sessions Court of Shelby County, Tennessee, for "failure to act in good faith and breach of contract." Defendant removed the case to this court, pursuant to 28 U.S.C. § 1441, on the basis that the plaintiff's claim is one for pension benefits governed by the federal Employee Retirement Income Security Act of 1974 ("ERISA"). Presently before the court is defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The pleadings, affidavit, deposition and exhibits on file reflect that the facts are not disputed. On April 1, 1985, around 10:00 a.m., plaintiff Olivia Simmons married Lexis Simmons, a retired Firestone employee. Mr. Simmons died around noon on March 31, 1986. Thereafter, plaintiff sought to recover from defendant survivor benefits provided to spouses of retired em-

ployees. Specifically, plaintiff seeks to recover a lump sum survivor benefit of $2,250.00 and lifetime medical benefits as provided for in Firestone's Pension and Insurance Agreement for hourly-rated employees which was in effect at the time of her husband's death. Receipt of these benefits, however, is contingent upon the spouse being married to the retired employee "for at least one year immediately prior to the former employee's death" in the case of a lump sum benefit and "at least 12 consecutive months preceding his death" in the case of lifetime medical benefits.

Federal Rule of Civil Procedure 56(c) states that a summary judgment motion may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed.R.Civ.P.* 56(c). It is settled that the party moving for summary judgment bears the burden of establishing an absence of a genuine issue as to any material fact before summary judgment may be granted. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Defendant has met that burden here. Given the undisputed facts, the court is required to interpret the parties' contract as drawn and may do so appropriately on summary judgment.

In its first argument, defendant urges this court to apply an arbitrary and capricious standard of review in determining whether its interpretation of the plan is correct. However, pursuant to the recent decisions pronounced in *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), and *Brown v. Ampco–Pittsburgh Corp.,* 876 F.2d 546 (6th Cir.1989), a challenge or denial of ERISA benefits under 29 U.S.C. § 1132 is to be reviewed "under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Bruch,* 489 U.S. at 115, 109 S.Ct. at 956; *Brown,* 876 F.2d at 550 (quoting *Bruch* ). There is no indication in the present case

that the benefit plan bestowes upon Firestone discretionary authority to determine eligibility for benefits or to construe the terms of the plan. That being the case, a *de novo* review is appropriate in interpreting the term of Firestone's benefit plan and we thus turn our attention to the underlying issue of whether plaintiff was married to her deceased husband for one year, and with respect to medical benefits for 12 months prior to his death.

■ Twelve months has been commonly understood and consistently interpreted to mean one year and the computation of both time periods should be governed by the same principles. *Hoffman v. United States,* 52 F.2d 269, 270 (W.D.Mo.1931), *aff'd,* 61 F.2d 294 (8th Cir.1932) (The word "year" means a period of twelve months); *United States v. Bussey,* 51 F.Supp. 996, 999 (S.D.Cal.1943) (The courts have used twelve months and one year interchangeably); *State v. East Baton Rouge Parish School Board,* 213 La. 885, 35 So.2d 804 (1948); *Allstate Auto Leasing Co. v. Caldwell,* 394 A.2d 748, 752 (Del.Super.Ct.1978) (A year is generally defined as consisting of twelve months or 365 days and the months or days are consecutive); *Uniform Law Commissioners' Model Statutory Construction Act,* § 7 (1975) (The word "year" means 12 consecutive months).

■ Nothing in the Pension and Insurance Agreement, which governs the parties' rights, attempts to define how the time of one "year" should be computed and no federal statute addresses the question. Although exceptions have been noted, the general rule provides that in computing a period of time the day of the event which begins the time period will be excluded and the last day of the period shall be included. *Sheets v. Selden's Lessee,* 69 U.S. 177, 190 (1864); *Carefree Vacations, Inc. v. Brunner,* 615 F.Supp. 211, 216 (W.D.Tenn.1985); *see generally* 86 C.J.S. *Time* § 13(1). Under this rule, the day of the marriage (April 1, 1985) would not be counted but that date one year later would be included, thus requiring the plaintiff to have been married to her husband on April 1, 1986. The gen-

eral rule has been adopted in Rule 6(a) of the Federal Rules of Civil Procedure, Rule 45(a) of the Federal Rules of Criminal Procedure, and by some statutes (e.g., *Tenn. Code Ann.* § 1–3–102). Many courts have applied the general rule or parts of it to contracts where different meanings are not given in the contract itself and have declared the rule to be one of common law. *Burnet v. Willingham Loan and Trust Co.*, 282 U.S. 437, 439, 51 S.Ct. 185, 185–86, 75 L.Ed. 448 (1931) (excluding the first day in computing the statute of limitations in a civil tax case); *Fogel v. Commissioner of Internal Revenue*, 203 F.2d 347, 349 (5th Cir.1953); *Prince v. United States*, 185 F.Supp. 269, 271 (E.D.Wis.1960) (The time within which an act is to be done is computed by excluding the first day and including the last); *Gregory v. Walker*, 239 Ark. 415, 389 S.W.2d 892, 894 (1965); *Chavis v. Pridgeon*, 207 Ark. 281, 180 S.W.2d 320 (1944); *McMillen v. Hamilton*, 48 So.2d 162, 163 (Fla.1950); *Nelson v. Sandkamp*, 227 Minn. 177, 34 N.W.2d 640, 642 (1948) (The common law rule for computing time excludes the first and includes the last day).

When used, the exception to the general rule which counts the first day and excludes the last day has generally been applied in individual cases where hardship might otherwise have been expected. This case itself might easily be viewed in that sense because it involves a dispute between a widow and Firestone, a large industrial concern. However, given the continuing development of federal case law concerning the rights and responsibilities of parties under ERISA, it behooves the courts to apply a principal for the computation of time under contracts which themselves do not specify the method of computation, rather than to apply whichever computation may avoid apparently hard results for one party. Moreover, uniformity of the rules of law benefits those whose actions are governed by such laws because the parties do not then have to repeatedly reassess the governing rules of law with every minute factual variation. This reasoning convinces the court that the general rule of time computation must be applied to this case.

Applying this rule to this case, the date of plaintiff's marriage, April 1, 1985, must be excluded for purposes of determining whether plaintiff is an eligible spouse. Counting forward from and including April 2, 1985, it is evident that plaintiff had not been married for at least one year or twelve months at the time of her spouse's death on March 31, 1986. Accordingly, defendant's motion for summary judgment is granted.

IT IS SO ORDERED.