**BENEFICIAL LOAN SOC. OF BETHLEHEM v. UNITED STATES.**

No. L–223.

Court of Claims.

April 6, 1931.

Jackson R. Collins, of New York City (Syme & Syme, of Washington, D. C., on the brief), for plaintiff.

Ralph C. Williamson, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

The defendant has interposed a demurrer to the petition on the ground it does not state a cause of action against the United States. The petition alleges the plaintiff was affiliated with the Beneficial Loan Society, a Delaware corporation, and that from the time the plaintiff was incorporated (April 20, 1923) to May 1, 1925, the income of the plaintiff was shown in the consolidated return filed by the Beneficial Loan Society, the parent company; that the Beneficial Loan Society having disposed of the common voting stock of the plaintiff on May 1, 1925, the plaintiff could no longer include its income in the consolidated return, and was required to file an individual return (section 240 (c) and (d), Revenue Act of 1926 [26 USCA § 993 (c, d)]). An information return on Form 1122 was filed each year showing such consolidated return. Plaintiff filed its separate corporation income-tax return setting forth

a statement of its net income for the period from May 1, 1925, to January 31, 1926, and also an information return (Form 1122) showing its income from February 1, 1925, to April 30, 1925, was included in the consolidated return of the Beneficial Loan Society. The Beneficial Loan Society made its consolidated return on the fiscal-year basis from February 1 to January 31 each year. The plaintiff, after severance of the affiliation with the Beneficial Loan Society, adopted and retained the same fiscal-year basis for its individual income-tax return. In preparing and submitting its income-tax return for the period from May 1, 1925, to January 31, 1926, a prorated credit of $1,500 was taken instead of the full credit of $2,000, which latter sum was the full specific credit allowed a domestic corporation with a net income of $25,000 or less (section 233, Revenue Act of 1926 [26 USCA § 985]). As a result of prorating the credit for the nine months which it had been out of consolidation with the parent company, the plaintiff paid $963.38, whereas had the full credit of $2,000 been taken only $898.10 would have been payable, or a difference of $65.28. A claim for refund of this amount was timely filed and rejected by the Commissioner of Internal Revenue. The claim was reopened and again denied on February 13, 1930. Plaintiff is suing to recover the amount disallowed with interest from the date of the payment of the tax.

Section 226 of the Revenue Act of 1926, 44 Stat. 38, 39 (26 USCA § 968), provides:

"Sec. 226. (a) If a taxpayer with the approval of the Commissioner changes the basis of computing net income from fiscal year to calendar year a separate return shall be made for the period between the close of the last fiscal year for which return was made and the following December 31. If the change is from calendar year to fiscal year, a separate return shall be made for the period between the close of the last calendar year for which return was made and the date designated as the close of the fiscal year. If the change is from one fiscal year to another fiscal year a separate return shall be made for the period between the close of the former fiscal year and the date designated as the close of the new fiscal year.

"(b) Where a separate return is so made, and in all other cases where a separate return is required or permitted, by regulations prescribed by the Commissioner with the approval of the Secretary, to be made for a fractional part of a year, then the income shall be computed on the basis of the period for which separate return is made. * * *

"(e) In the case of a return made for a fractional part of a year, except a return made under subdivision (a), the credits provided in subdivisions (c), (d), and (e) of section 216 shall be reduced respectively to amounts which bear the same ratio to the full credits provided in such subdivisions as the number of months in the period for which return is made bears to twelve months."

Section 230 of the revenue act of 1926, 44 Stat. 39 (26 USCA § 981 note), provides for the tax on the net income of corporations in excess of the credits provided for in sections 236 to 263.

Section 239 (b) of the Revenue Act of 1926, 44 Stat. 45 (26 USCA § 991), provides: "Returns made under this section shall be subject to the provisions of section 226. In the case of a return made for a fractional part of a year, except a return made under subdivision (a) of section 226, the credit provided in subdivision (b) of section 236 shall be reduced to an amount which bears the same ratio to the full credit therein provided as the number of months in the period for which the return is made bears to twelve months."

 The plaintiff contends the return made by it from May 1, 1925, to January 31, 1926, was its first return and therefore was a "taxable year," and, being such, it is entitled to the full amount of the credit. But this contention is not true. The plaintiff was in existence for its entire fiscal year of twelve months ending January 31, 1926, and previous thereto. Until May 1, 1925, plaintiff was affiliated with another corporation and the consolidated return was the return of the plaintiff until the affiliation ceased, and this is true whether the consolidated return was filed by or in the name of another corporation as the parent company. It was the return of the plaintiff as much as if it had been a separate return. Each member of the affiliated group at all times retained its separate identity and was a separate taxpayer under the statute. The commissioner was required to assess against the plaintiff and collect from it its proportion of the tax computed upon the consolidated net income in proportion to the net income assignable to the plaintiff unless there existed an agreement among the corporations for a different apportionment or payment. The consolidated return from February 1 to April 30, 1925, was therefore the plaintiff's return for that

period. Swift & Co. v. United States, 38 F.(2d) 365, 69 Ct. Cl. 171; Cincinnati Mining Co., 8 B. T. A. 79. On the last date the affiliation, so far as the plaintiff was concerned, was terminated by a change in the stock ownership and the plaintiff was no longer required or permitted to include its income in an affiliated return. Under section 226 (b) of the Revenue Act of 1926, in article 634 of Regs. 65 and 69, plaintiff was required to make and file a separate return for the period May 1, 1925, the date of the termination of the affiliation, to the end of its taxable year, January 31, 1926. The regulations mentioned provide that where a return is filed for a fractional part of a year as the result of the termination of the affiliated status the tax shall be computed in accordance with the provisions of sections 226 and 239 of the Revenue Acts of 1924 and 1926, respectively (26 USCA §§ 968, 991). Section 239 provides that the return shall be subject to the provisions of section 226, and the latter section provides, with a certain exception not material here, for the proration of the credit where a return is filed for a fractional part of a year. These sections of the statute and the regulations referred to are clearly applicable to the issue here involved and the action of the commissioner in prorating the specific credit was correct. The separate return filed by plaintiff for the period May 1, 1925, to January 31, 1926, was not a return for a "taxable year" any more than was the consolidated return for three months of the plaintiff's fiscal year a return by it for a taxable year. Under the facts there was merely a change in the basis of reporting net income which required the plaintiff to file a return for a fractional part of a year.

If the contention of the plaintiff were correct, it would receive the benefit of a specific credit in excess of the maximum of $2,000 allowed.

During that portion of the fiscal year ended January 31, 1926, that plaintiff was included in the affiliated return it received the benefit of one specific exemption for the affiliated group; to again allow it the full specific credit for the remainder of the fiscal year, after termination of the affiliation, would be in direct violation of the statute.

The demurrer is sustained, and the petition is dismissed. It is so ordered.