## COMMISSIONER OF INTERNAL REVENUE v. DEATH VALLEY R. CO.
### No. 6810.

Circuit Court of Appeals, Ninth Circuit.
Dec. 5, 1932.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Wm. Cutler Thompson, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, and J. T. Haslam, Sp. Atty., Bu-

NOTE 5.

reau of Internal Revenue, both of Washington, D. C., of counsel), for petitioner.

Albert R. Palmer, of New York City (Harry W. Stelle, Jr., of New York City, of counsel), for respondent.

Before WILBUR and SAWTELLE, Circuit Judges, and CAVANAH, District Judge.

WILBUR, Circuit Judge.

This is a petition by the Commissioner to review the action of the Board of Tax Appeals in reference to the claim of respondent, Death Valley Railroad Company, for a deduction of its losses during the fiscal year ending September 30, 1921, from its net income for the calendar year beginning January 1, 1923.

The Board of Tax Appeals found that the loss of the respondent for the fiscal year beginning September 30, 1920, and ending September 30, 1921, was $21,594.68, that the proportion of this loss for the nine months of the fiscal year (January 1, 1921, to September 30, 1921) included in the calendar year beginning January 1, 1921, and ending December 31, 1921, was $16,196.01. This amount is conceded to be correct if the theory of the Board of Tax Appeals is sustained. The Board allowed this deduction from the gross income of the respondent for the calendar year 1923.

The difficulty in the case arises from the fact that the respondent had always reported its income on the calendar year basis, but, by reason of its affiliation with the parent corporation, the Borax Consolidated, Limited, and with other subsidiary companies, the Commissioner computed the taxes of the affiliated corporations for the fiscal year of the parent corporation from September 30 to September 30 under the mandate of section 240 of the Revenue Act of 1918 (40 Stat. 1081), which required affiliated corporations to make a consolidated return of net income and the computation of taxes upon the basis of such consolidated return.

Subsequent to the enactment of a corresponding provision in the Revenue Act of 1921, § 240 (42 Stat. 260) which made it optional with the affiliated corporations after January 1, 1922, to make either separate returns, or a consolidated return under the regulations prescribed by the Commissioner, as they might elect, respondent filed a separate return for the calendar year beginning January 1, 1923.

The statutory provision allowing the deduction of losses in the previous taxable year from revenue in subsequent taxable years is section 204 of the Revenue Act of 1921, subds. (b) and (d), as follows:

"Sec. 204. * * * (b) If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year; the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary. * * *

"(d) If it appears, upon the production of evidence satisfactory to the Commissioner, that a taxpayer having a fiscal year beginning in 1920 and ending in 1921 has sustained a net loss during such fiscal year, such taxpayer shall be entitled to the benefits of this section in respect to the same proportion of such net loss which the portion of such fiscal year falling within the calendar year 1921 is of the entire fiscal year."

The government, however, contends that, although the fiscal year, or calendar year, is ordinarily twelve months, where a taxpayer amends his method of return from a fiscal year to a calendar year, or vice versa, as authorized by section 226 of the Revenue Act of 1921 (all sections hereinafter referred to are in that act), that this shorter period for which a special return is made in the case at bar three months from September 30, 1921, to January 1, 1922, becomes the next succeeding "taxable year" to the fiscal year ending September 30, 1921, within the meaning of section 204 of the Revenue Act of 1921, supra, permitting a deduction of net loss from the succeeding "taxable year." The question involves the right to carry over into the calendar year beginning January 1, 1923, that portion of the loss suffered during the calendar year ending December 31, 1921, which was suffered between January 1, 1921, and September 30, 1921, and not deducted from the calendar year 1922 because a further loss was suffered during such calendar year. The only question necessary for our determination is whether or not the three months' period from September 30, 1921, to January 1, 1922, for which a separate return is made under the provisions of section 226 of the Revenue Act of 1921, supra, constitutes the "succeeding taxable year," so that the period from January 1, 1922, to Decem-

ber 31, 1922, is the "next succeeding taxable year" mentioned in section 204 after which deductions of losses suffered prior to. September 30, 1921, cannot be allowed. The contention of the Commissioner is based upon the clause in section 200 of the Revenue Act of 1921 (42 Stat. 227) which we italicize in the following quotation therefrom:

"(1) The term 'taxable year' means the calendar year, or the fiscal year ending during such calendar year, *upon the basis of which the net income is computed under section 212 or section 232.* The term 'fiscal year' means an accounting period of twelve months ending on the last day of any month other than December. The first taxable year, to be called the taxable year 1921, shall be the calendar year 1921 or any fiscal year ending during the calendar year 1921."

Of the two sections referred to in section 200, supra, section 212 provides that the net income shall be computed upon the fiscal year or calendar year, as the case may be, according to the method of keeping books adopted by the taxpayer. Subdivision (c) of section 212 provides that, in the event the taxpayer changes his accounting period from the fiscal year to the calendar year, the net income shall be computed on the basis of the new accounting period, subject to the provisions of section 226. Section 226 thus referred to provides for a separate return for the period between the close of the last fiscal year for which return was made and the following December 31, where there is a change from the fiscal year to the calendar year as in the case at bar. Subdivision (b) of section 226, provides: "In all cases where a separate return is made for a part of a taxable year the net income shall be computed on the basis of such period for which separate return is made, and the tax shall be paid thereon at the rate for the calendar year in which such period is included." Section 232, referred to in section 200 of the Revenue Act of 1921, supra, provides that, in determining the net income of the corporation subject to tax, "The net income shall be computed on the same basis as is provided in subdivision (b) of section 212 or in section 226." It should be observed that the term "taxable year" is expressly defined as a period of twelve months, and that the term fiscal year is also defined as a period of twelve months. In determining whether or not this twelve months' period is modified by the phrase above italicized in section 200 of the Revenue Act of 1921 requiring a special return in case of a change of method of return, which is relied upon by the Commissioner, it should be observed that section 212

above referred to in the italicized phrase of section 200, by reference incorporates section 226, as does section 232, also referred to in the italicized phrase in section 200, similarly by reference incorporates section 226. This latter section deals with the months intervening between the end of the fiscal year and the succeeding calendar year involved in the transaction from the fiscal year to the calendar year, and refers to them as a "part" of a taxable year. Can it be said that when Congress, by section 204 of the Revenue Act of 1921, authorized the deduction of losses incurred in a previous "taxable year," from the next two succeeding "taxable years," it was intended that this portion of the year which is designated by Congress as a "part" of the "taxable year" included in a "calendar year," should itself be treated as a separate taxable year? This position, we think, cannot be maintained. This conclusion sustains the order of the Board of Tax Appeals, which is thus stated in the opinion of the Tax Commission by Mr. Arundell, a member of that Board:

"As shown by the stipulation, petitioner sustained a net loss of $22,162.23 in the fiscal year ended September 30, 1921. In view of the fact that one of its affiliates had net income in that year, there remains to the petitioner only a prorated portion of its net loss, $21,594.68, under the rule in Swift & Co. v. United States (Ct. Cl.) 38 F.(2d) 365. See also General Box Corporation v. Com'r, 22 B. T. A. 725. The portion of this net loss that may be carried forward to succeeding years is limited, as stipulated, to $16,196.01 by section 204 (d) of the 1921 Act which prescribes that in the case of fiscal years beginning in 1920 and ending in 1921 the taxpayer shall have the benefit of the net loss sustained in that year in 'the same proportion of such net loss which the portion of such fiscal year falling within the calendar year 1921 is of the entire fiscal year.'

"It is stipulated that for the fiscal year ended September 30, 1922, petitioner had a net loss remaining after adjustment for the income of the only one of the affiliated group that had income, and as that was the 'succeeding taxable year' with relation to the fiscal year ended September 30, 1921, petitioner is entitled to carry over to the 'next succeeding taxable year', namely the calendar year 1923, the net loss of $16,196.01 remaining to it from the fiscal year ended September 30, 1921."

■ It is unnecessary to pass upon respondent's contention that it is entitled to deduct

$34,484.41 in accordance with the principles announced in Swift v. United States (Ct. Cl.) 38 F.(2d) 365, as it has not appealed from the order fixing the lesser amount.

Order affirmed.