## COMMISSIONER OF INTERNAL REVENUE v. RILEY STOKER CORPORATION.

### No. 2825.

Circuit Court of Appeals, First Circuit.

Nov. 10, 1933.

Francis H. Horan, Sp. Asst. to Atty. Gen. (Pat Malloy, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for petitioner.

Frederick L. Pearce, of Washington, D. C. (KixMiller, Baar & Morris, of Washington, D. C., on the brief), for respondent.

Before WILSON and MORTON, Circuit Judges, and McLELLAN, District Judge.

WILSON, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals involving the income tax of the respondent and certain affiliated corporations for the year 1923. During that year four other corporations were affiliated with the respondent, viz.: Murphy Iron Works, Inc., A. W. Cash Company, Underfeed Stoker Company of America, and the Craig Damper Regulator Company.

The respondent and the Murphy Iron Works, Inc., were affiliated from January 1, 1921; the Underfeed Stoker Company and the Craig Damper Regulator Company became affiliated with the respondent company and the Murphy Iron Works, Inc., on June 12, 1922, and the A. W. Cash Company be-

came affiliated with the above group on August 31, 1922.

During the year 1921 and prior to June 12, 1922, the Underfeed Stoker Company and the Craig Damper Regulator Company were affiliated with each other, but with no other company. The A. W. Cash Company was not affiliated with any other company in 1921, nor in 1922 until August 31.

During the calendar year of 1921, the Craig Damper Regulator Company sustained a net loss of $3,587.42, the Underfeed Stoker Company a net loss of $103,972.20, and the A. W. Cash Company a net loss of $38,739.-45.

It will be seen from the above facts that, under article 634 of Treasury Regulations 62, for three of the corporations the calendar year 1922 is divided into two parts; for the Underfeed Stoker Company and the Craig Damper Regulator Company from January 1 to June 12, and from June 12 to December 31, and for the A. W. Cash Company from January 1 to August 31, and from August 31 to December 31.

The issue decisive of this case is whether the calendar year of 1922 is thereby divided into two "taxable years" in the case of the Underfeed Stoker Company, the Craig Damper Regulator Company, and the A. W. Cash Company, within the meaning of section 204 (b) of the Revenue Act of 1921 (42 Stat. 231), so that the losses suffered by these companies in 1921 cannot be carried over and deducted from their net income in making the consolidated return for 1923.

Section 200 of the Revenue Act of 1921 (42 Stat. 227) defines a taxable year as a calendar year or a fiscal year ending during such calendar year. It also provides that a fiscal year means an accounting period of twelve months ending on the last day of any month other than December, and that the first taxable year to be called the *taxable year 1921 shall be the calendar year or any fiscal year ending during the calendar year 1921.*

By section 204 (b) of the Revenue Act of 1921 it is provided:

"If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in com-

puting the net income for the next succeeding taxable year; the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary."

The Board of Tax Appeals sustained the taxpayer's contention that a taxable year is a twelve months' period; that under section 204 (b) the losses sustained by the Underfeed Stoker Company, the Craig Damper Regulator Company, and the A. W. Cash Company in the year 1921 were allowable against their net income, if any, in 1922; and any excess of net loss in 1921 over their 1922 incomes should be allowed against their net incomes in 1923 in making up a consolidated return. Woolford Realty Co., Inc., v. Rose, 286 U. S. 319, 52 S. Ct. 568, 76 L. Ed. 1128; Commissioner v. Ginsburg Co. (C. C. A.) 54 F.(2d) 238.

The government contends that the part of the year 1922 prior to affiliation and the part after affiliation constitute two taxable years, on the ground that sections 212 and 226 of the 1921 act (42 Stat. 237, 251) provide for the assessment of a tax for a part of a year when the taxable year is changed from a fiscal year to a calendar year, or vice versa.

The government fails, we think, to take into consideration not only the intent of Congress in enacting section 204 (b) of the Revenue Act of 1921, but also the language of section 226 of the 1921 act, which provides that in case of a change from a fiscal year to a calendar year, or vice versa, the separate return required is for the "period" between the close of the old taxable year and the beginning of the new, and expressly refers to the fractional part of the year for which a separate return is required, not as a *taxable year,* but only as "a *part* of a taxable year."

Congress, in providing in section 204 (b) of the Revenue Act of 1921 that the net loss in any year might be deducted from the net income of the two succeeding years, had in mind the economic conditions following the close of the war, and that a year in which great losses occurred might be followed by several years of prosperity, and, in view of the uncertain business conditions during the period of readjustment, that it was fair, and intended as a measure of relief to the taxpayers, to have their losses in a lean year spread over two succeeding years of prosperity.

To hold that, because a corporation which became affiliated on December 1, 1921, with another corporation that filed its tax return on a calendar basis, was obliged to file a separate return for the unaffiliated period from

January 1 to December 1, during which period it suffered great losses, could not spread those losses over the succeeding two years of 1922 and 1923, because it was required to join in an affiliated return for the one month of December, 1921, would be, in a large measure, to deny to the taxpayer the very relief Congress intended to extend to him by section 204 (b) of the 1921 act.

The entire Revenue Act of 1921 and especially section 204 (b), and the Treasury Regulations under it, clearly treat a taxable year as a twelve months' period.

Article 634, Treasury Regulations, provides:

"In either case the subsidiary or subordinate corporation whose status is changed *during the taxable year* should make a separate return for *that part of the taxable year during which it was outside of the affiliated group.* * * * " (Italics supplied.)

The administrative officials in construing section 204 (b), both the Commissioner and the Board of Tax Appeals, have so construed the Act of 1921. Arthur Walker & Co., Inc., 4 B. T. A. 151; Turners Falls Power & Electric Co., 9 B. T. A. 435; Stevenson Consolidated Oil Co., 23 B. T. A. 610; Kinney Co., Inc., 26 B. T. A. 1091. Other instances might be cited.

The courts, where the issue here has been raised, have also held in construing section 204 (b) that a taxable year was a twelve months' period, and the division of a year through a change from a fiscal to a calendar, or vice versa, or by reason of affiliation of corporations in the midst of a year, does not create two taxable years. United States v. Hoffman et al. (C. C. A.) 61 F.(2d) 294; Bankers' Trust Co. et al. v. Bowers (C. C. A.) 295 F. 89, 31 A. L. R. 922; Corrugated Bar Co., Inc., v. Gage (D. C.) 58 F.(2d) 360, 363; Commissioner v. Death Valley Railroad Co. (C. C. A.) 62 F.(2d) 160.

■ We do not think cases like United States v. Carroll Chain Co. (D. C.) 8 F.(2d) 529, or Chess & Wymond Co. v. Lucas (D. C.) 33 F.(2d) 793, necessarily support the government's contention in this case. In each of these cases, to have supported the government's contention would have deprived the taxpayer of the relief to which he was clearly entitled under section 204 (b). In construing tax statutes, it is a well-established rule of construction that the act must be construed as an entirety, although the language used should not be extended except by a necessary implication beyond its ordinary import, and should, in case of doubt, be construed in favor of the taxpayer. United States v. Merriam, 263 U. S. 179, 187, 44 S. Ct. 69, 68 L. Ed. 240, 29 A. L. R. 1547, Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211.

■ The only other ground relied upon by the government is that, since to section 200 of the Revenue Act of 1921, after the words, "The term 'fiscal year' means an accounting period of twelve months ending on the last day of any month other than December," section 200 of the Revenue Acts of 1924 and 1926 (26 USCA § 931), added the words, *"The term 'taxable year' includes, in the case of a return made for a fractional part of a year* under the provisions of this title or under regulations prescribed by the commissioner with the approval of the Secretary, *the period for which such return is made* * * * " (italics supplied) it indicated a change in the law and that this provision was retroactive.

We do not think it was intended by Congress that this added definition of a taxable year in section 200 of the Revenue Acts of 1924 and 1926 was intended to be retroactive.

■ As the Supreme Court said in Shwab v. Doyle, 258 U. S. 529, 42 S. Ct. 391, 393, 66 L. Ed. 747, 26 A. L. R. 1454, "a statute should not be given a retrospective operation, unless its words make that imperative." Brewster v. Gage, 280 U. S. 327, 337, 50 S. Ct. 115, 74 L. Ed. 457; United States v. Magnolia Petroleum Co., 276 U. S. 160, 162, 48 S. Ct. 236, 72 L. Ed. 509.

We think the additional provision in section 200, quoted above, was inserted to clear up a doubt that had existed in the courts as to whether a fractional part of a year could be considered a taxable period, in which a loss suffered was deductible under section 204 (b), even in the succeeding year, or could be deducted from a preceding year under the 1918 act (40 Stat. 1057). United States v. Carroll Chain Co., supra, decided July 16, 1925; Pennsylvania Chocolate Co. v. Lewellyn (D. C.) 27 F.(2d) 762, decided June 20, 1928; Appeal of Siegel, Inc., 1 B. T. A. 1113; Appeal of Tacoma Grocery Co., 1 B. T. A. 1062.

The order of the Board of Tax Appeals is affirmed.