## MORGAN'S, Inc., et al. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 2807.

Circuit Court of Appeals, First Circuit.

Dec. 15, 1933.

Lawrence E. Green, of Boston, Mass. (Haskell Cohn, of Boston, Mass., on the brief), for petitioners for review.

S. Dee Hanson, Sp. Asst. Atty. Gen. (Pat Malloy, Asst. Atty. Gen., and Sewall Key and Francis H. Horan, Sp. Asst. Attys. Gen., on the brief), for Commissioner of Internal Revenue.

Before WILSON and MORTON, Circuit Judges, and LETTS, District Judge.

WILSON, Circuit Judge.

This is a petition for a review by taxpayers of an order of the Board of Tax Appeals relating to the income taxes of the affiliated petitioners for the year 1927.

Morgan's, Inc., hereinafter referred to as the Morgan Company, and the Haines Furniture Company, hereinafter referred to as the Haines Company, became affiliated on June 1, 1925. Both companies kept their books and made their returns on a calendar year basis.

In 1925 the Haines Company filed a separate return for the fractional part of the year 1925, from January 1 to June 1, showing a net loss of $59,239.56. Its net loss for the balance of the calendar year 1925 was $61,626.69, which was absorbed in the consolidated return of both companies for the calendar year 1925. Its total net loss for the calendar year 1925, therefore, was $120,-866.25. In 1926 the Haines Company suffered a further net loss of $2,551.76. In 1927 it showed a net income of $63,188.34, and, in making the consolidated return for 1927, the loss suffered by the Haines Company during its unaffiliated period of 1925, viz., $59,239.-56, was deducted from its net income in 1927.

The Commissioner refused to allow the deduction and assessed a deficiency against both companies and allocated to each its proportion of the deficiency on the basis of the net income assigned to each, as provided in section 240 of the 1926 Revenue Act (26 USCA § 993 and note).

The Board of Tax Appeals held that, as to the Haines Company, under section 200 of the 1924 and 1926 Acts (26 USCA § 931), the period from January 1, 1925, to May 31, 1925, constituted a taxable year and the period from May 31, 1925, to January 1, 1926, constituted a second taxable year, and therefore the calendar year 1927 was not a third taxable year in which, under section 206 (b) (26 USCA § 937 (b), a net loss incurred in the unaffiliated part of 1925 could be deducted from its net income in 1927.

The issue as stated by both the taxpayers and the government is whether the net loss sustained during the unaffiliated part of the year 1925 can, under section 206 (b) of the 1924 Act, or 206 (b) of the 1926 Act (26 USCA § 937 (b), be carried forward into the year 1927 and be deducted from its own net income for the calendar year 1927 in determining the net income of the affiliated companies for that year.

Stated in other words, the issue is whether

the addition to section 200 in the 1924 and 1926 Acts defining a taxable year as including "in the case of a return made for a fractional part of a year * * * the period for which such return is made," modifies the provisions of section 206 (b) of the 1924 Act and 206 (b) of the 1926 Act, permitting the deduction of net losses incurred in one taxable year to be carried over and deducted from the net income of the second succeeding year, if not entirely absorbed in the first succeeding year.

■ The language of section 200 of the 1924 and 1926 Acts, it is true, if strictly construed, raises doubt as to its application to returns for fractional parts of years required to be made by a taxpayer prior to affiliation, or after the end of affiliation, if affiliation begins or ends during a fiscal or calendar year. It is, however, a well-settled principle of construction of the income tax law that in cases of doubt the construction should be resolved in favor of the taxpayer.

In the case of Commissioner v. Riley Stoker Corporation, 67 F.(2d) 688, recently decided by this court, it was held that under the 1921 Revenue Act the division of a taxable year into two parts in case of an affiliation occurring in the midst of a calendar or fiscal year, did not create two taxable years within the meaning of section 200 and 212 (b) of that Act, or an additional taxable unit.

■ Notwithstanding section 200 of the Act of 1924 and of 1926 (26 USCA § 931) still declares that the term "fiscal year" means an accounting period of twelve months, and, of course, a calendar year also includes a period of twelve months without legislative fiat, the government relies on the addition in section 200 of the Acts of 1924 and 1926, which declares that the term "taxable year" includes, in the case of a return made for a fractional part of a year under * * * this title or under regulations prescribed by the commissioner with the approval of the Secretary [of the Treasury], the period for which such return is made."

Art. 634 of Treasury Regulations 65 and 69, applying respectively to the Acts of 1924 and 1926, provides:

"Where there are more than two corporations affiliated at the beginning of the taxable year, and due to a change in stock ownership the affiliated status of one or more is terminated, but there remain at least two corporations affiliated during the entire year, the parent or principal corporation should file a consolidated return for the entire year, excluding from its return the income of the corporations whose affiliated status is terminated from the date of the change in stock ownership; or where two or more corporations are affiliated at the beginning of the taxable year, and through change in stock ownership additional corporations become affiliated, the parent or principal corporation should file a consolidated return and include the income of such corporations from the date of change of stock ownership. In either case, the subsidiary or subordinate corporation whose status is changed during the taxable year should make a separate return for that *part of the taxable year* during which it was outside of the affiliated group.

"Where, in accordance with the procedure set forth above, a return is made by a corporation for a period less than a year, the tax shall be computed in accordance with sections 226 and 239 and the articles thereunder. Where corporations become affiliated during the taxable year the separate returns of the corporations *for the portion of the taxable year* during which they were not affiliated will not be due until the fifteenth day of the third month following the close of the taxable year. For example, if two corporations become affiliated on July 1, 1926, and elect to file a consolidated return for the period from July 1 to December 31, 1926, the separate returns of the corporations covering the period from January 1 to June 30, 1926, will be due on March 15, 1927." (Italics supplied.)

It is significant that under this article the return for the unaffiliated part of the calendar year is not due until March 15 of the following year, thus adopting the construction contended for by the taxpayer in this case, that the return for the unaffiliated fractional part of a calendar year is only for a part of a taxable year. Otherwise, if such fractional part of a calendar year constituted an entire taxable year, the return for such fractional period, terminating before the end of the calendar year, would, under section 227 of the Act of 1924 (26 USCA § 967 and note) and Act of 1926 (26 USCA § 967), be due three months after the close of the fractional period and not on March 15 of the following year. Also see Article 441, Regulations 69.

The proper construction of section 200 we think should be determined in view of the general scheme of the Income Tax Acts as to accounting periods, and the purpose of Congress in allowing net losses to be spread over a three year period.

The provision allowing a spread of net loss in one year to be deducted from the net

income of the two succeeding years, first appeared in the Act of 1921, § 204 (b) (40 Stat. 1061), though a provision was inserted in the 1918 Act, § 204 (b) (42 Stat. 231), permitting net losses for any year beginning after October 31, 1918, and prior to January 1, 1920, to be deducted from the net income of the next prior year.

The purpose of both acts, it has been recognized by the courts and by the Board of Tax Appeals, was to provide a relief for taxpayers who might suffer severe losses in the year immediately following the close of the war in 1918, to deduct their losses from the war profits of 1918, and to allow losses of any one year during the period of readjustment of business after the war to be spread over a period of three years, in case there was not income earned during either of the two succeeding years after the loss occurred. Section 200 of the 1924 and 1926 Acts should be so construed as to allow the relief granted by section 206 (b) of these acts, and not to curtail it.

The Supreme Court has construed the Income Tax Acts since 1913 as, in general, defining the accounting period as a period of twelve months. Burnet v. Sanford & Brooks Co., 282 U. S. 359, 363, 51 S. Ct. 150, 151, 75 L. Ed. 383, in which the court said:

"All the revenue acts which have been enacted since the adoption of the Sixteenth Amendment have uniformly assessed the tax on the basis of annual returns showing the net result of all the taxpayer's transactions during a fixed accounting period, either the calendar year, or, at the option of the taxpayer, the particular fiscal year which he may adopt." Also see Woolford Realty Co., Inc., v. Rose, 286 U. S. 319, 326, 52 S. Ct. 568, 76 L. Ed. 1128.

Why, then, did Congress add the further definition of a taxable year as including a shorter period and was it intended to affect the provisions of section 204 (b) of the 1921 Act?

The majority report of the Ways and Means Committee on the Revenue Act of 1924, H. R. 6715, when this added definition first appears, referring to section 200, says:

"In subdivision (a) of this section the term 'taxable year' is defined to include a period of less than a year when a return is made for such period. Under the existing law the use of the term 'taxable year' in the 'net loss' section and other sections has been construed not to cover the case of a return made by a taxpayer for a fractional part of a year, with the result that the benefits of such sections are denied to taxpayers who are required by law to make a return for a fractional part of a year."

Similar language was contained in the report of the Senate Committee on Finance.

The Commissioner of Internal Revenue had, prior to the enactment of the 1924 Act, construed sections 200 and 204 (b) of the 1921 Act strictly, and held that a taxpayer beginning business or going out of business during a fiscal or calendar year, or in case of a change in the accounting period during a taxable year from a fiscal to a calendar year, or vice versa, was not entitled to the relief provided in section 204 (b), and had refused to allow as a deduction in a succeeding year net losses incurred in any fractional part of a year for which the taxpayer was required to file a return, because a fractional part of a year was not a taxable year within the meaning of sections 200 and 204 (b) of that act. Appeal of Carroll Chain Co., 1 B. T. A. 38; Appeal of Patapsco Ballast Co., 1 B. T. A. 1081; Appeal of Joe Siegel, Inc., 1 B. T. A. 1113; Appeal of Tacoma Grocery Co., 1 B. T. A. 1062, in which cases there were appeals from his decisions.

It is clear, we think, that Congress, as was indicated in the report of its committees, added the further definition of a taxable year to section 200 of the 1926 Act (26 USCA § 931) in order that a taxpayer required to make a return for a fractional part of a year, which by reason of a change in its accounting period was not a part, either of its prior or new annual accounting period, should clearly have the benefit of section 204 (b) as to losses suffered during that fractional period, a right which the Commissioner in his construction of section 200 of the 1921 Act had previously denied him.

The added definition of a taxable year was in furtherance of the relief granted in section 204 (b) of the 1921 Act, and was not intended as a curtailment thereof by shortening the period over which net losses might be spread, and to repudiate the strict construction of sections 200 and 204 (b) previously enforced by the Commissioner.

Section 200 of the 1924 and 1926 Acts, therefore, should not be construed, as has been done in this case, to deprive a corporation, which has hitherto been doing business and making its return on a calendar year, and which suffered a loss during the calendar year 1925, of the right to spread that loss over the two succeeding years, because, in accordance with Treasury Regulations 69, Art.

634, it made a separate return of its income during the period from January 1 to May 31, 1925, having on May 31 become affiliated with another corporation and joined in a consolidated return for the period from June 1 to December 31, 1925, in which return only its loss suffered during the latter period was absorbed.

Affiliated taxpayers do not become a single taxable unit, but merely a single tax-computing unit. Woolford Realty Co., Inc., v. Rose, supra; Commissioner v. Ben Ginsburg Co. (C. C. A.) 54 F.(2d) 238; United States v. Hoffman et al. (C. C. A.) 61 F.(2d) 294; Sweets Company of America, Inc., v. Commissioner (C. C. A.) 40 F.(2d) 436. The Haines Company, therefore, retained its status as a separate "taxable unit" for the entire calendar year 1925. Its net losses and net income were determined by its business for the full calendar year. After affiliation, its proportionate net loss absorbed in the affiliated return was, or should have been, determined in accordance with Article 634 of the Regulations 65, and section 240 of the 1924 Act (26 USCA § 993 and note).

A liberal construction of section 200, as amended in 1924, requires that so much of the net losses of the Haines Company during 1925 as were not absorbed in the consolidated return, should be deducted from its net income in 1927, under section 206 (b) of the 1924 Act, and section 206 (b) of the 1926 Act. The fact that it became a part of another tax-computing unit on June 1, 1925, did not change its status as a taxable unit for that year. It was still a "taxable unit" for the full calendar year of 1925, which constituted its taxable year. Beneficial Loan Soc. of Bethlehem v. United States (Ct. Cl.) 48 F. (2d) 686, 687, certiorari denied 284 U. S. 633, 52 S. Ct. 17, 76 L. Ed. 539. For an able discussion of the proper construction of section 200, also see the dissenting opinion of Member Van Fossan in the case of Weissberger Moving & Storage Company, Inc., v. Commissioner, 26 B. T. A. 1375, 1377.

The only case which has been called to our attention in which the court has expressed any opinion touching the issue here involved, is that of the Beneficial Loan Soc. of Bethlehem v. United States, supra, decided in the Court of Claims, in which there was a cessation of affiliation on May 1, 1925. A consolidated return for the period from January 1, 1925, to May 1, 1925, was filed.

The plaintiff then filed a separate return for the unaffiliated period from May 1, 1925, to January 1, 1926, its accounting period being a calendar year, and claimed only $1,500 as its prorated share under section 226 (26 USCA § 968) of the credit of $2,000 allowed corporations in its class. Afterward it claimed it should have been entitled to deduct the full credit of $2,000, which would have reduced its tax in the amount of $65.25, which it sought to recover in the action.

The court in deciding the case said:

"The plaintiff contends the return made by it from May 1, 1925, to January 31, 1926, was its first return and therefore was a 'taxable year,' and, being such, it is entitled to the full amount of the credit. But this contention is not true. The plaintiff was in existence for its entire fiscal year of twelve months ending January 31, 1926, and previous thereto. Until May 1, 1925, plaintiff was affiliated with another corporation and the consolidated return was the return of the plaintiff until the affiliation ceased, and this is true whether the consolidated return was filed by or in the name of another corporation as the parent company. It was the return of the plaintiff as much as if it had been a separate return. Each member of the affiliated group at all times retained its separate identity and was a separate taxpayer under the statute. * * *

"On the last date the affiliation, so far as the plaintiff was concerned, was terminated by a change in the stock ownership and the plaintiff was no longer required or permitted to include its income in an affiliated return. Under section 226 (b) of the Revenue Act of 1926 [26 USCA § 968 (b)], in article 634 of Regs. 65 and 69, plaintiff was required to make and file a separate return for the period May 1, 1925, the date of the termination of the affiliation, to the end of its taxable year, January 31, 1926. * * *

"The separate return filed by plaintiff for the period May 1, 1925, to January 31, 1926, was not a return for a 'taxable year' any more than was the consolidated return for three months of the plaintiff's fiscal year a return by it for a taxable year. Under the facts there was merely a change in the basis of reporting net income which required the plaintiff to file a return for a fractional part of a year."

It is true that the spreading of net losses was not involved in the case, but we think the court by a parity of reasoning would, upon the same facts as exist in the case now at bar, deduct the loss suffered by the Haines Com-

pany in the period from January 1 to June 1, 1925, from its net income in 1927.

The order of the Board of Tax Appeals is set aside and the case is remanded to that Board for further proceedings not inconsistent with this opinion.