ARNOLD CONSTABLE CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.
No. 3.

Circuit Court of Appeals, Second Circuit.
March 12, 1934.

Joseph R. Little, of Washington, D. C., for petitioner.

Sewall Key and John H. McEvers, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This petition for review involves a deficiency of $36,584.54 in the income taxes of Arnold Constable Corporation, a Delaware company. The taxes in controversy are for the fiscal year of that company from February 1, 1927, to January 31, 1928. The deficiency resulted from the holding of the Commissioner that no part of the loss suffered in the fiscal year ended January 31, 1926, by petitioner's affiliate Arnold Constable & Co., Inc., could be allowed in computing consolidated net income for the year ended January 31, 1928. We think that the assessment of a deficiency by the Commissioner was erroneous and the order of the Board of Tax Appeals affirming it should be reversed.

For the fiscal years ended January 31, 1925, and January 31, 1926, Arnold Constable & Co., Inc., sustained net losses of $308,216.45 and $342,461.23, respectively. For the period February 1, 1926, to May 6, 1926, inclusive, it had a net income of $70,730.56, and for that period filed a separate return. On May 7, 1926, approximately 98 per cent. of its capital stock was acquired by the petitioner, Arnold Constable Corporation, the parent of an affiliated group, and in the consolidated return of the affiliated group the net income of Arnold Constable & Co., Inc., for the period May 7, 1926, to January 31, 1927, was included. During this last period Arnold Constable & Co., Inc., had a net income of $185,677.85. For the fiscal year ended January 31, 1928, petitioner filed a consolidated return showing a net income of Arnold Constable & Co., Inc., of $618,646.68, and claimed an offset to such income of a portion of the net loss sustained by such company during the fiscal year ended January 31, 1926. The Commissioner disallowed the offset and determined a deficiency accordingly. The Board of Tax Appeals affirmed the ruling of the Commissioner and held that the period February 1 to May 6, 1926, for which Arnold Constable & Co., Inc., had filed a separate return and the period May 7, 1926, to January 31, 1927, for which its income was included in the consolidated return, constituted two taxable years, and that therefore the net loss could not be carried past the second taxable year ended January 31, 1927.

The taxpayer contends that the fiscal years from February 1, 1926, to and including January 31, 1927, and from February 1, 1927, to and including January 31, 1928, were each taxable years within the meaning of the applicable provisions of the Revenue Acts of 1926 and 1928, so that the net losses of Arnold Constable & Co., Inc., for both the fiscal years which ended January 31, 1925, and January 31, 1926, should be carried forward and allowed as deductions from the net income for the year ended January 31, 1927, and the net income for the year ended January 31, 1928. The right to do this depends upon the proper interpretation of section 206 (a) and (b) and section 226 (b) and section 240 (a) of the Revenue Act of 1926, 26 USCA §§ 937 (a, b), 968 (b), 993 (a), taken in connection with section 200 (a) thereof (26 USCA § 931 (a), and corresponding provisions of the Revenue Act of 1928 (sections 47, 48, 117, 142 [26 USCA §§ 2047, 2048, 2117, 2142]).

Section 200 (a) provides that: "The term 'taxable year' means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under section 212 or 232 [section 953 or 984 of this title]. The term 'fiscal year' means an accounting period of twelve months ending on the last day of any month other than December. The term 'taxable year' includes, in the case of a return made for a fractional part of a year under the provisions of this title or under regulations prescribed by the commissioner with the approval of the Secretary, the period for which such return is made. The first taxable year, to be called the taxable year 1925, shall be the calendar year 1925 or any fiscal year ending during the calendar year 1925."

Section 206 (b) of act of 1926 (26 USCA § 937 (b) provides: "If, for any taxable year, it appears upon the production of evidence satisfactory to the commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called 'second year') and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year (hereinafter in this section called 'third year'); the deduction in all cases to be made under regulations prescribed by the commissioner with the approval of the Secretary."

It is argued that the words in section 200 (a), "The term 'taxable year' includes, in the case of a return made for a fractional part of a year * * * the period for which such return is made," are a definition of a taxable year for all purposes. But the words first appeared in section 200 (a) of the Revenue Act of 1924 (26 USCA § 931 and note) and were inserted in the corresponding sections of the Acts of 1918 and 1921 to broaden relief which had before that time been allowed to taxpayers.

Under the earlier Revenue Acts the Commissioner of Internal Revenue had ruled that a taxpayer that had been required to make a return for an accounting period of less than twelve months could not carry forward losses sustained in such fractional period and deduct them from a subsequent full year's income or carry forward losses from a full year's income and deduct them from a subsequent fractional period. While the 1924 act was under consideration, A. W. Gregg,

Special Assistant to the Secretary of the Treasury, explained to the Ways and Means Committee the situation as it then existed as follows:

"In subdivision (a) of this section the term 'taxable year' is defined to include a period of less than a year when a return is made for such period. Under the existing law the use of the term 'taxable year' in the 'net loss' section and other sections has been construed not to cover the case of a return made by a taxpayer for a fractional part of a year, with the result that the benefits of such sections are denied the taxpayers who are required by law to make a return for a fractional part of a year."

The revised definition of "taxable year" inserted in section 200 (a) by the 1924 act was particularly intended to cover cases where a corporation had begun business within a regular taxable-year or had discontinued business or changed its accounting period before the end of its taxable year. Any interpretation of section 200 (a) which would make a report for a fractional part of a year prior to affiliation a taxable year for the purpose of deducting net losses under section 206 (b) deprives corporations affiliating at times other than the beginning of a full taxable year of the right to carry forward net losses over two periods of twelve months each. Should there be affiliations with a number of corporations at different dates in the same year (a not unusual case), the taxpayer might essentially lose the right to deduct the prior year's loss from profits accruing during a period of more than a few days. Such a result is certainly repugnant to the purpose of the statute modeled in general on the English act and intended in a measure to stabilize income taxes for periods of three full years.

The Supreme Court has construed the Income Tax Acts as in general establishing an accounting period of twelve months. Burnet v. Sanford & Brooks Co., 282 U. S. 359, 363, 51 S. Ct. 150, 75 L. Ed. 383; Woolford Realty Co. v. Rose, 286 U. S. 319, 328, 52 S. Ct. 568, 76 L. Ed. 1128. The Circuit Court of Appeals of the First Circuit held in Morgan's, Inc., v. Commissioner of Internal Revenue, 68 F.(2d) 325, that a fractional part of the year 1925 for which a corporation made a separate return was not a "taxable year" in any sense which prevented the corporation when making a consolidated return with an affiliate for the balance of the year 1925 from deducting losses realized in the first part of 1925 from its 1927

income. The Court of Claims expressed a similar view in Beneficial Loan Society of Bethlehem v. United States, 48 F.(2d) 686, 687. The affiliated taxpayers did not become a single taxable unit but only a single tax computing unit. Woolford Realty Co. v. Rose, supra. The return by Arnold Constable & Co., Inc., for a fractional part of the year 1926 was not, in our opinion, a return for a taxable year within the meaning of section 206 (b) of the Revenue Act of 1926, or section 117 (e) of the Revenue Act of 1928 (26 USCA § 2117 (e) and the losses of Arnold Constable & Co., Inc., sustained for the fiscal years ended January 31, 1925, and January 31, 1926, might be carried forward for the two fiscal years of twelve months each that succeeded the year of such loss. If this had been done, there would have been no deficiency in the income tax of the petitioner for the fiscal year ended January 31, 1928.

The order of the Board of Tax Appeals is reversed.