**BENEFICIAL LOAN SOC. OF TRENTON v. HELVERING, Commissioner of Internal Revenue.**

No. 5957.

Court of Appeals of the District of Columbia.

Argued Jan. 16, 1934.

Decided March 12, 1934.

Rehearing Denied April 12, 1934.

Samuel A. Syme, of Washington, D. C., and J. R. Collins, of New York City, for petitioner.

C. M. Charest, J. Louis Monarch, Shelby S. Faulkner, W. R. Lansford, Sewall Key, and John H. McEvers, all of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

The petitioner is a New Jersey corporation engaged in the business of making industrial loans of $300 or less. Its fiscal accounting period had ended on January 31 of each year, but on December 26, 1929, it was given permission by the Commissioner to change to the calendar year basis of accounting.

On June 1, 1929, the petitioner became a member of the affiliated group of the Beneficial Industrial Loan Corporation, and for the remainder of the year 1929 its income was reported in a consolidated return filed by the parent corporation. The record does not disclose the amount of petitioner's income during the affiliation, nor the amount of the consolidated income returned for the affiliated group for the year 1929.

In due time the petitioner filed an income tax return nominally for the calendar year 1929, but the return itself shows that it covers only the period from February 1 to May 31, 1929, that being the part of the year 1929 during which the petitioner had operated in an unaffiliated capacity. The amount of the net income shown upon the return for that period is less than $25,000, being, to wit, $15,042.62.

It is provided by section 26 of the Revenue Act of 1928 (45 Stat. 791, 803, 26 USCA § 2026) that for the purpose only of the tax imposed by section 13 of that act (26 USCA § 2013) there shall be allowed, in the case of a domestic corporation, the net income of which is $25,000 or less, a specific credit of $3,000. The petitioner in computing the tax on its income received during the four-month period aforesaid deducted therefrom the full specific credit of $3,000 allowed to domestic corporations having a net income of $25,000 or less.

The Commissioner in passing upon the return determined that, inasmuch as the return covered a period of only four months of the calendar year 1929, the petitioner was not entitled to the full specific credit of $3,000

provided by the statute, but only to a proportionate amount which bore the same ratio to the full credit as the number of months in the period for which the return was made bore to twelve months, to wit, four-twelfths of $3,000. The Commissioner accordingly determined a deficiency in the petitioner's return. The petitioner appealed from this determination to the Board of Tax Appeals. The Board, however, approved the method used by the Commissioner in reaching his determination of the deficiency. 26 B. T. A. 1343. The decision of the Board is now before this court for review.

■■ The sole issue is whether or not the petitioner was entitled to take as a credit upon its return of income for the fractional part of the year 1929, the entire specific credit allowed by the statute for an annual return, or whether such specific credit should be prorated according to the proportion which the number of months for which the income was reported bore to twelve months.

Treasury Regulations 75 contain the following provisions:

"Art. 13. Change in affiliated group during taxable year. * * *

"(g) *Separate returns for periods not included in consolidated return.*—If a corporation, during its taxable year becomes a member of an affiliated group, its income for the portion of such taxable year not included in the consolidated return of such group must be included in a separate return * * *."

Section 141 of the Revenue Act of 1928, supra (26 USCA § 2141), provides in part as follows:

"(a) *Privilege to File Consolidated Returns.* * * . *

"In the case of a corporation which is a member of the affiliated group for a fractional part of the year the consolidated return shall include the income of such corporation for such part of the year as it is a member of the affiliated group."

Section 47 (e) of the Revenue Act of 1928, 26 USCA § 2047 (e) reads as follows:

"(e) *Reduction of Credits Against Net Income.* In the case of a return made for a fractional part of a year, except a return made under subsection (a), on account of a change in the accounting period, the personal exemption and credit for dependents, and the specific credit for corporations, shall be reduced respectively to amounts which bear the same ratio to the full credits provided as the number of months in the period for which return is made bears to twelve months."

It may be noted that the present case does not come within the exception set out in the foregoing section, but is included within its general provisions.

We think that the foregoing provisions confirm the correctness of the Commissioner's determination as approved by the Board, to reduce the specific credit to an amount "which bears the same ratio to the full credit provided as the number of months in the period for which return is made bears to twelve months." Accordingly in this instance the full annual credit of $3,000 should be reduced to four-twelfths thereof, or $1,000. The Commissioner's determination to this effect is authorized by the statutes.

In Beneficial Loan Society v. United States, 48 F.(2d) 686, 688 (certiorari denied, 284 U. S. 633, 52 S. Ct. 17, 76 L. Ed. 539), the Court of Claims held that, under section 236 of the Revenue Act of 1926 (26 USCA § 988), a corporation filing a separate return for a portion of the fiscal year after severance of affiliation was entitled only to a pro rata part of the credit of $2,000, which was permitted under the corresponding section of that act. The court spoke in part as follows: "During that portion of the fiscal year ended January 31, 1926, that plaintiff was included in the affiliated return it received the benefit of one specific exemption for the affiliated group; to again allow it the full specific credit for the remainder of the fiscal year, after termination of the affiliation, would be in direct violation of the statute."

A similar consideration applies to the present case. It is shown by article 734 of Treasury Regulations 75, Revenue Act of 1928, that the specific credit of $3,000 provided by section 26 (b), supra, shall be allowed against the consolidated net income of the affiliated corporations in case such consolidated income does not exceed the sum of $25,000. Accordingly, the petitioner for the period of the affiliation received its proportionate benefit of the credit allowed by the statute. If now it be allowed the entire credit of $3,000 for the four months ensuing between February 1 and May 31, 1929, it would receive a duplicate credit which is not intended by the statute.

It must be remembered that a corporation does not lose its identity by such affiliation, but remains a taxpayer. Woolford Realty Co. v. Rose, 286 U. S. 319, 52 S. Ct. 568, 76

L. Ed. 1128; Beneficial Loan Society v. United States, supra.

The petitioner in this case relies strongly upon Bankers' Trust Co. v. Bowers (C. C. A.) 295 F. 89, 31 A. L. R. 922. That case involves a return made by the executors of a decedent for the part of the tax year during which the decedent was in full life, and a second return made by the executors for decedent's estate during the fractional period of the year following his death. The two returns taken together constituted in effect a single return for the same taxpayer for the entire year, and the returns included the amount of income received by the taxpayer and his estate during the taxable period. We think the issue raised in that case is not identical with that in the present case.

The decision of the Board of Tax Appeals is affirmed.