## PERSONAL FINANCE CO. OF AUGUSTA v. UNITED STATES.

### No. 2, March term, 1935.

District Court, D. Delaware.
Aug. 31, 1937.

Richards, Layton & Finger, of Wilmington, Del., and Jackson R. Collins, of New York City, for plaintiff.

James W. Morris, Asst. to Atty. Gen., Andrew D. Sharpe and J. Leonard Lyons, Sp. Assts. to Atty. Gen., and John J. Morris, Jr., U. S. Atty., of Wilmington, Del., for the United States.

NIELDS, District Judge.

This is an action to recover $235.41 alleged to have been wrongfully collected by defendant from plaintiff as corporate income tax for the year 1928 with interest.

In a statement of facts filed in this case on October 14, 1936, and admitted in evidence at the hearing, the parties hereto agreed:

"2. Effective as of June 1, 1928, plaintiff corporation became affiliated with Beneficial Loan Bankers and Insurance Corporation and its group of associated corporations within the meaning of section 141(d) of the Revenue Act of 1928 [26 U.S.C.A. § 141 note]. Plaintiff's income for that portion of the calendar year from June 1, 1928 to December 31, 1928 was included in the consolidated corporation income tax return filed by the said Beneficial Loan Bankers and Insurance Corporation on behalf of itself for the taxable year 1928, which said return included the income received and/or accrued by its affiliated corporations for the said year, during which the said affiliated corporations were affiliated with the said Beneficial Loan Bankers and Insurance Corporation. Plaintiff does not seek any recovery in this action of any tax assessed and/or paid upon that portion of 1928 net income which was accrued and/or received between June 1, 1928, and December 31, 1928, respectively.

"3. Plaintiff, on May 7, 1929, filed with the Collector of Internal Revenue for the District of Delaware a separate corporation income tax return which purported upon its face to be for the entire calendar year 1928 but which had detailed schedules including opening and closing balance sheets attached to same, from which it appeared that the only income therein reported had been received and/or accrued by the plaintiff during the period from January 1, 1928, to May 31, 1928, inclusive. * * *

Said return reported net income of $4,124.72 and a tax due thereon of $134.97, which amount, together with interest of 20¢, was paid.

"4. The above reported net income of $4,124.72 is the correct net income received and/or accrued by plaintiff during the period from January 1, 1928, to May 31, 1928, inclusive. In the computation of the above reported tax plaintiff deducted from the net income the sum of $3,000.00 as a credit against income.

"5. That thereafter Commissioner of Internal Revenue caused an audit to be made of the return described in paragraph (3) of this stipulation which resulted in the determination by the said Commissioner of a deficiency in tax of $210.00 for the period from January 1 to May 31, 1928; that said deficiency was based on the ruling of the Commissioner that plaintiff was not entitled to the full specific credit of $3,000.00 provided in section 26(b) of the Revenue Act of 1928 [26 U.S.C.A. § 26 note], but only to a proportionate amount which has the same ratio to the full credit as the number of months in the period for which the return was made has to twelve months, to wit: five-twelfths of $3,000.00 or $1,250.00. That this deficiency; together with interest of $25.41, totaling $235.41, was entered on the March 21, 1931 Assessment List and that this total amount of $235.41 was paid by the plaintiff on April 6, 1931.

"6. That on July 15, 1932, plaintiff filed a claim for refund in the amount of $210.00 for the period covered by said return. * * *

"8. That the plaintiff was duly notified by registered mail of the disallowance of the claim on November 13, 1934. * * *"

The court finds the facts in the statement of facts agreed to by the parties to be true.

Plaintiff is a Delaware corporation and after December 27, 1926, was engaged in the business of making small loans in Georgia. It had an established fiscal year corresponding to the calendar year. June 1, 1928, Beneficial Loan Bankers & Insurance Corporation acquired by purchase 95 per cent. of the capital stock of plaintiff and thereby became "the parent company." On that date, i. e., June 1, 1928, plaintiff became affiliated with an affiliated group within the meaning of section 141(d) of the Revenue Act of 1928 (26 U.S.C.A. § 141 note).

The issue framed by the pleadings in this case is whether plaintiff, in its separate income tax return filed May 7, 1929, was entitled to a credit of $3,000 or only to a credit of five-twelfths of $3,000. In other words, whether plaintiff was bound to prorate the specific credit of $3,000.

Plaintiff contends (1) that the inclusion of its income during the period of affiliation in the consolidated return did not constitute the filing of a return by plaintiff, since the return was filed by the parent company; (2) that the separate return filed by plaintiff covering the period before affiliation in 1928 was the only return filed by it; (3) that said separate return was for a taxable year and the full specific credit of $3,000 should be allowed as in the case of a final return of a deceased taxpayer, or dissolved corporation, or the first return of a new corporation coming into existence within the taxable year. These contentions involve a consideration of the pertinent sections of the Revenue Act of 1928.

Section 141 of the Revenue Act of 1928, 45 Stat. 831, 26 U.S.C.A. § 141 and note, contains this provision: "(b) *Regulations.* The Commissioner, with the approval of the Secretary, shall prescribe such regulations as he may deem necessary in order that the tax liability of any affiliated group of corporations making a consolidated return and of each corporation in the group, both during and after the period of affiliation, may be determined, computed, assessed, collected, and adjusted in such manner as clearly to reflect the income and to prevent avoidance of tax liability."

Treasury Regulations 75 contain the following provision:

"Art. 13. *Change in Affiliated Group During Taxable Year.* * * *

"(g) *Separate Returns for Periods not Included in Consolidated Return.* If a corporation, during its taxable year, becomes a member of an affiliated group, its income for the portion of such taxable year not included in the consolidated return of such group must be included in a separate return. * * *"

█ Under the above regulation plaintiff filed a return for the portion of the taxable year 1928 before affiliation and reported its income for that five months. The form used by plaintiff stated at the top "For the Calendar Year 1928." Yet there was attached to the return schedules clearly showing that only the income for five months was included.

Section 47 of the Revenue Act of 1928 (45 Stat. 806, 26 U.S.C.A. § 47 and note) provides in part:

"(a) *Returns for short period resulting from change of accounting period.* If a taxpayer, with the approval of the Commissioner changes the basis of computing net income from fiscal year to calendar year a separate return shall be made for the period between the close of the last fiscal year for which return was made and the following December 31. If the change is from calendar year to fiscal year, a separate return shall be made for the period between the close of the last calendar year for which return was made and the date designated as the close of the fiscal year. If the change is from one fiscal year to another fiscal year a separate return shall be made for the period between the former fiscal year and the date designated as the close of the new fiscal year.

"(b) *Income computed on basis of short period.* Where a separate return is made under subsection (a) on account of a change in the accounting period, and in all other cases where a separate return is required or permitted, by regulations prescribed by the Commissioner with the approval of the Secretary, to be made for a fractional part of a year, then the income shall be computed on the basis of the period for which separate return is made. * * *

"(e) *Reduction of credits against net income.* In the case of a return made for a fractional part of a year, except a return made under subsection (a), on account of a change in the accounting period, the personal exemption and credit for dependents, and the specific credit for corporations, shall be reduced respectively to amounts which bear the same ratio to the full credits provided as the number of months in the period for which return is made bears to twelve months."

The return filed by plaintiff covered the income received during a five-month period. It was a return for a fractional part of a year and under the statutes the credit of $3,000 should be prorated.

█ A corporation going into affiliation continues to be a taxpayer. To be sure, certain benefits flow from affiliations. The losses of A may be taken from the profits of B. The tax as finally computed is apportioned among the various taxpayers in

the group. There is a difference in the method of computing the tax and that is the only difference. A group of corporations electing to report on a consolidated basis naturally expect to receive benefits. Otherwise there would be no election to report on that basis. Of course, if the consolidated group has a total income of $25,000 or less, it will have the benefit of a specific credit.

"After affiliation, as before, the affiliated corporations, although filing consolidated returns, continue to be separate taxable units. The consolidated returns operated only to unite them for the purpose of tax computation and the equitable apportionment between them of the tax thus computed." Helvering, Commissioner of Internal Revenue, v. Morgan's, Inc., et al., 293 U.S. 121, 55 S.Ct. 60, 62, 79 L.Ed. 232.

A case on all fours with the instant case was before the Court of Appeals of the District of Columbia. Beneficial Loan Soc. of Trenton v. Helvering, 63 App. D.C. 122, 70 F.(2d) 288. It arose on petition for review of the decision of the United States Board of Tax Appeals. The facts of the case are fully stated in the report.

"The petitioner is a New Jersey corporation engaged in the business of making industrial loans of $300 or less. Its fiscal accounting period had ended on January 31 of each year, but on December 26, 1929, it was given permission by the Commissioner to change to the calendar year basis of accounting.

"On June 1, 1929, the petitioner became a member of the affiliated group of the Beneficial Industrial Loan Corporation, and for the remainder of the year 1929 its income was reported in a consolidated return filed by the parent corporation. The record does not disclose the amount of petitioner's income during the affiliation, nor the amount of the consolidated income returned for the affiliated group for the year 1929.

"In due time the petitioner filed an income tax return nominally for the calendar year 1929, but the return itself shows that it covers only the period from February 1, to May 31, 1929, that being the part of the year 1929 during which the petitioner had operated in an unaffiliated capacity. The amount of the net income shown upon the return for that period is less than $25,000, being, to wit, $15,042.62.

"It is provided by section 26 of the Revenue Act of 1928 (45 Stat. 791, 803, 26 U.S.C.A. § 2026 [26 U.S.C.A. § 26 note]) that for the purpose only of the tax imposed by section 13 of that act (26 U. S.C.A. § 2013 [26 U.S.C.A. § 13 and note]) there shall be allowed, in the case of a domestic corporation, the net income of which is $25,000 or less, a specific credit of $3,000. The petitioner in computing the tax on its income received during the four-month period aforesaid deducted therefrom the full specific credit of $3,000 allowed to domestic corporations having a net income of $25,000 or less.

"The Commissioner in passing upon the return determined that, inasmuch as the return covered a period of only four months of the calendar year 1929, the petitioner was not entitled to the full specific credit of $3,000 provided by the statute, but only to a proportionate amount which bore the same ratio to the full credit as the number of months in the period for which the return was made bore to twelve months, to wit, four-twelfths of $3,000. The Commissioner accordingly determined a deficiency in the petitioner's return. The petitioner appealed from this determination to the Board of Tax Appeals. The Board, however, approved the method used by the Commissioner in reaching his determination of the deficiency. 26 B.T.A. 1343. The decision of the Board is now before this court for review.

"The sole issue is whether or not the petitioner was entitled to take as a credit upon its return of income for the fractional part of the year 1929, the entire specific credit allowed by the statute for an annual return, or whether such specific credit should be prorated according to the proportion which the number of months for which the income was reported bore to twelve months."

The court held: "We think that the foregoing provisions confirm the correctness of the Commissioner's determination as approved by the Board, to reduce the specific credit to an amount 'which bears the same ratio to the full credit provided as the number of months in the period for which return is made bears to twelve months.' Accordingly in this instance the full annual credit of $3,000 should be reduced to four-twelfths thereof, or $1,000." Beneficial Loan Soc. of Trenton v. Helvering, 63 App.D.C. 122, 70 F.(2d) 288.

If the corporate return covers a part of the year, yet covers the entire income of the year, the full specific credit of $3,000 should be allowed. Thus a taxpayer who reported on a calendar basis died in April. His executors filed a return from January 1 to the date of death. The question was whether he was entitled to the full personal exemption or whether the same should be prorated. He was held to be entitled to the full credit for the reason that the entire income for the calendar year was reported. Bankers' Trust Co. v. Bowers (C.C.A.) 295 F. 89, 31 A.L.R. 922. To apply this principle to the instant case, it would be necessary to include in the separate return all the income received by plaintiff during the twelve months accounting period.

The separate return of plaintiff was not a return for the entire taxable year but only for a fractional part thereof.

A judgment must be entered for defendant with costs.